**In re the MARRIAGE OF Elinor SHARP, Appellant-Petitioner,**

**and**

**Harry Sharp, Appellee-Respondent.**

**No. 3-281A60.**

Court of Appeals of Indiana, Third District.

Jan. 28, 1982.

Robert D. Lee, Patricia O'Brien Cotter, South Bend, for appellant-petitioner.

Richard D. Bonewitz, Hammerschmidt, Bonewitz & Miller, South Bend, for appellee-respondent.

ON PETITION FOR REHEARING

STATON, Judge.

The marriage of Elinor and Harry Sharp was dissolved by the trial court. Both appealed the judgment of the trial court. The issues they raised were decided by this Court in *In re the Marriage of Elinor Sharp and Harry Sharp* (1981), Ind.App., 427 N.E.2d 690. We partially grant Harry's petition for rehearing.

On appeal, Elinor argued that the trial court had erred by relinquishing jurisdiction over the issue of spousal maintenance. She stated the trial court relinquished jurisdiction in its order of October 24, 1980. From this order, we quoted the trial court's third conclusion which stated that the trial court retained jurisdiction over the issue of spousal maintenance. We concluded that the trial court had not relinquished jurisdiction.

On rehearing, Harry notes that Elinor misled this Court because the trial court had actually relinquished jurisdiction when it ruled on the motion to correct errors rather than in its order of October 24, 1980. Harry argues that our opinion allows Elinor to raise the issue of spousal maintenance at a later time. He seems to argue that the trial court did not abuse its discretion in relinquishing jurisdiction; therefore, Elinor may not bring the issue of spousal maintenance before the trial court. We agree.

In *Newman v. Newman* (1976), 171 Ind. App. 202, 355 N.E.2d 867, this Court approved of a trial court retaining continuing jurisdiction over the issue of possible maintenance to be paid by one spouse to another. The award of maintenance and the continuing retention of the issue of spousal maintenance are matters within the trial court's discretion. To constitute an abuse of dis-

cretion, it must be shown that the trial court's decision was one which was "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Marshall v. Reeves* (1974), 262 Ind. 107, 311 N.E.2d 807, 811.

We will not reweigh the evidence; we will consider only that evidence and the reasonable inferences drawn therefrom which are most favorable to the appellee, Harry. *Morgan v. Cooper* (1981), Ind.App., 415 N.E.2d 729, 733. Even though the evidence might support a conclusion different from the one reached by the trial court, we cannot substitute our judgment for that of the trial court. *Id.*

Elinor attempted to demonstrate the trial court's abuse of discretion by the following argument:

"Although there is no case law in the State of Indiana which is on point, it can be assumed from the language of the spousal maintenance statute and the case law which interprets that statute, that a party may not come into court for the first time at a point in time after his or her marriage is dissolved and ask that court to enter an order of spousal maintenance due to the incapacity of one of the ex-spouses. If this avenue were open to divorced parties, a divorce decree would never have the finality the Legislature intended it to have, and a divorced person would never be certain that he or she would not be required at some distant point in the future, to begin supporting the ex-spouse long after the marriage of the parties has been dissolved. This is all the more reason that this court should find the trial court in error and direct that jurisdiction be retained over the question of spousal maintenance in this case. One jurisdiction of the spousal maintenance question is relinquished and the court finds that there is no physical incapacity on the part of the petitioner, the petitioner is forever barred from receiving spousal maintenance in the future when, in fact, her physical condition so warranted at the time that her marriage to the respondent was dissolved."

While there may be instances in which it would be proper for a trial court to retain continuing jurisdiction over the issue of possible maintenance to be paid by one spouse to another, Elinor has not demonstrated in this case that the trial court abused its discretion by relinquishing jurisdiction. The trial court's dissolution decree would suffer the problems Elinor mentioned: The dissolution decree would not have the finality intended by the legislature and Harry would never be certain that he would not be required at some distant point in the future to begin supporting Elinor long after the marriage had been dissolved. One may only speculate from the evidence in the record when, if ever, Elinor would be physically incapacitated to the extent that her ability to support herself is materially affected. The trial court did not abuse its discretion in relinquishing jurisdiction over this issue. Elinor may not raise it in the future.

Harry also petitions this Court to determine the value of a tract of land. We decline to do so because, in our previous opinion, we instructed the trial court to reassess the value of the marital property in accordance with the evidence before it. The trial court was also instructed to redetermine its distribution of the marital property. We therefore leave this matter to the trial court.

Petition for rehearing granted in part and denied in part.

HOFFMAN, P. J., and GARRARD, J., concur.