Gary CROWE, Appellant–Respondent,

v.

Allean CROWE, Appellee–Petitioner.

No. 10A01–9001–CV–20.

Court of Appeals of Indiana, First District.

June 14, 1990.

Daniel R. Marra, Jeffersonville, for appellant-respondent.

Charles Gregory Read, Jeffersonville, for appellee-petitioner.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Gary Crowe (Gary) appeals the trial court's disposition of marital assets and the award of partial attorney fees and interest to Allean Crowe (Allean). We reverse and remand with instructions.

## FACTS

Allean filed a petition for dissolution of marriage in the Circuit Court of Clark County on August 15, 1987, but dismissed the petition on March 14, 1988. Allean then filed a petition for dissolution in Clark Superior Court No. 2 on November 7, 1988. On August 21, 1989, the trial court conducted a hearing and dissolved the parties' marriage, but scheduled the issue of property division to be heard on September 8, 1989.

During the marriage Gary managed a business owned by his parents and operated his own business. Allean performed some duties for Gary's company, but was primarily a homemaker during the marriage. Gary paid Allean $170 per week as temporary maintenance and support during the period from November 1988 until August 1989. Throughout the period from August 1987 until September 1989, the parties received and divided payments from stock brokerage firms and IRA accounts. At the hearing on property division the parties stipulated the values of some of the marital property, but were unable to arrive at a value for Gary's business, Jubilee Oil Company.

The trial court entered orders on September 8, 1989, and September 29, 1989, dividing marital assets and ordering Gary to pay Allean $45,000 within 60 days. The court ordered that the judgment bear interest at the rate of 12% after the 60 day period. In addition, the court ordered Gary to pay $3,000 of Allean's attorney fees within 60 days of the decree. Further

facts will be provided as necessary to the discussion.

## ISSUES

Gary raises four issues which we combine and restate as follows:

1. Whether the trial court erred in its division of the parties' marital property?

2. Whether the trial court abused its discretion in ordering Gary to pay $3,000 of Allean's attorney fees?

3. Whether the trial court erred in ordering Gary to pay 12% interest per year on the judgment awarded to Allean?

## DISCUSSION AND DECISION

*Issue One*

■ Gary contends the trial court erred in dividing marital assets because the court did not divide the assets equally and did not set forth reasons for deviating from an equal division. An unequal division unsupported by reasoning is not just or reasonable, Gary argues.

■ In reviewing the division of marital assets, we may not reweigh evidence or assess the credibility of witnesses. We will reverse a trial court's decision only where the decision is "clearly against the logic and effect of the facts and circumstances before the trial court." *In re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641, 645.

■ Our legislature has enacted a statutory presumption that an equal division of marital property is just and reasonable. A trial court may deviate from the statutory presumption if a party presents relevant evidence to rebut the presumption. IND. CODE § 31–1–11.5–11(c). Relevant evidence includes evidence of: (1) each spouse's contribution to the acquisition of property, (2) acquisition of the property through gift or inheritance prior to the marriage, (3) the economic circumstances of each spouse at the time of disposition, (4) each spouse's dissipation or disposition of property during the marriage, and (5) each spouse's earning ability. I.C. § 31–1–11.5–11(c). "If the trial court determines

that a party opposing an equal divison [sic] has met his or her burden under the statute, the court must, in its findings and judgment, based on the evidence, state its reasons for deviating from the presumption of an equal division." *In re Marriage of Davidson*, 540 N.E.2d at 646. Even if the evidence supports an unequal division, we refuse to speculate as to the trial court's reasoning and will remand for the court to follow the statutory presumption or to set forth its rationale for deviating from the presumption that an equal division is just and reasonable. *Id.*

The court ordered that Allean receive the marital residence, a 1980 Pontiac, the money in an account with Stifel, two certificates of deposit, and personal property. In addition, the court ordered Gary to pay Allean $45,000. The court ordered that Gary receive real estate, itemized personal property, non-itemized personal property, a debt owed by the parties' daughter, and Jubilee Oil Company. The parties were unable to arrive at a value for the company, although testimony was received about the amount of income produced in a recent year. In addition, the record reflects that the company owns a life insurance policy on Gary's life which policy has a cash surrender value. Although the record reflects values for most of the other assets, the parties' personal property was not valued. We are unable to determine the totals of the assets awarded each party and, therefore, we are unable to determine whether the court equally divided marital assets.

Allean notes that she and Gary divided a large amount of marital assets between August 14, 1987, the time of the original dissolution petition, and the end of November 1988, in which month Allean filed the second dissolution petition. At the property division hearing, Allean submitted an exhibit indicating the approximate values of assets retained by the parties and assets disbursed by the parties in the period after the filing of the original petition. Allean asserts that, if consideration is given to dispositions made before the second petition, then the trial court made an equal division of assets. On the other hand,

Gary contends the division is 69% to 31% in Allean's favor.

IND. CODE § 31–1–11.5–11(b) requires a trial court to divide property acquired by a couple prior to the date of their final separation. The date of final separation is the date of filing of the dissolution petition. I.C. § 31–1–11.5–11(a).[1] In valuing marital assets, a trial court has discretion in selecting any date between the date of filing of the petition for dissolution and the property division hearing. *Eyler v. Eyler* (1986), Ind., 492 N.E.2d 1071, 1074. The trial court should have divided assets acquired and held by the parties at the time of the filing of the November 7, 1988, petition for dissolution.

We are unable to determine that the trial court equally divided the marital assets of the parties held by them at the time of the filing of the dissolution petition. If the trial court determined that an equal division of the marital assets would not have been just and reasonable, then the court should have indicated in its findings the factors supporting an unequal division. Such factors could include the parties' disposition of assets prior to the filing of the November 7, 1988, petition. We remand this case with directions to the trial court to clearly follow the statutory presumption or to set forth its rationale for not doing so.

*Issue Two*

■ Gary contends the court abused its discretion in ordering him to pay $3,000 as partial attorney's fees for Allean. Gary bases his contention on his allegation that Allean received more than half of the marital assets and on the fact that Allean had filed the prior divorce action and later dismissed it after causing Gary to spend money on his own attorney's fees.

■ IND. CODE § 31–1–11.5–16 gives a trial court broad discretion in awarding attorney's fees. We will not reverse unless there is a clear showing the court abused its discretion. *Qazi v. Qazi* (1989), Ind. App., 546 N.E.2d 866, 873–74. A court

may consider a number of factors in deciding whether to award attorney's fees and how much to award. Such factors include the amount of assets awarded to the parties, the relative earning ability of the parties, the superiority and availability of funds available to one party in relation to the other, and which party initiated the action. *Id.* at 874.

The record reflects that Allean had little work history and earning ability relative to Gary and that Gary planned to continue operating his own company, Jubilee Oil. The trial court was not required to state its reasoning for an award of attorney's fees. As there are factors supporting the award of $3,000 partial attorney's fees to Allean, we find the trial court did not abuse its discretion.

*Issue Three*

■ Gary contends the trial court erred in ordering him to pay 12% interest per year on the $45,000 judgment which the court ordered Gary to pay Allean. Allean concedes that IND. CODE § 24–4.6–1–101 has limited the statutory amount of interest to 10% per year since June 30, 1988. If, on remand, the trial court orders Gary to pay Allean a judgment, the court should limit the amount of interest on the judgment to 10% per year.

Reversed and remanded for proceedings consistent with this opinion.

HOFFMAN, P.J., concurs.

BAKER, J., concurs with separate opinion.

BAKER, Judge, concurring.

I concur with the majority, but write separately to emphasize a point that might not otherwise be so obvious.

When a general finding is made, this court will affirm the trial court's judgment if it is sustainable upon any legal theory which is supported by the evidence. *Shrum v. Dalton* (1982), Ind.App., 442 N.E.2d 366. In this case, however, there

---

1. If a petition for legal separation was filed, then the date of final separation is the filing date of that petition. I.C. § 31–1–11.5–11(a).

However, the record here does not reflect that the parties ever filed a petition for legal separation.

remains an unanswered part of the equation necessary for us to complete our review—the value of the marital estate.

The majority relies upon *In re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641. In *Davidson,* the parties had requested special findings of fact and conclusions of law pursuant to Ind. Trial Rule 52. *Id.* Based upon the trial court's findings, this court was able to ascertain the discrepancy in the division of the marital assets. *Id.* In the present case, neither party has requested such findings.

Unless there is no dispute as to the value of the marital estate, the trial court should make findings regarding the value of the marital assets even without a request by the parties. These findings are necessary to demonstrate compliance with IND. CODE 31–1–11.5–11 which requires either an equal division of the assets or the articulation of reasons for a deviation from an equal division. *Id.* If the trial court fails to make such findings, the division of marital assets under IND. CODE 31–1–11.5–11 will effectively be shielded from review because an essential fact (the value of the marital estate) will remain unknown.