**William B. DANNER, Appellant–Respondent,**

v.

**Cheryl C. DANNER, Appellee–Petitioner.**

No. 32A01–9007–CV–294.

Court of Appeals of Indiana,
First District.

June 27, 1991.

Opinion on Grant of Rehearing
Aug. 20, 1991.

Douglass R. Shortridge, Indianapolis, for appellant-respondent.

Audrey K. Grossman, Treacy Grossman Sullivan & Jones, Indianapolis, for appellee-petitioner.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

William B. Danner appeals the modification of the decree of marriage dissolution. We affirm in part, reverse in part, and remand.

## ISSUES

1. Did the trial court abuse its discretion by denying new counsel's motion for a continuance of the April 30, 1990 hearing?

2. Did the trial court have authority to appoint a guardian ad litem and an expert for the minor children and to order William to pay their fees?

3. Did the court err in ordering William to pay the cost of psychological therapy and counselling for Cheryl although the dissolution decree did not provide for such payments?

4. Did the court err in ordering William to reimburse Cheryl for past medical bills of the children incurred subsequent to the dissolution decree but never presented to William until 1990?

5. Did the court commit error in not emancipating William's twenty-year old adopted daughter, Diane Danner?

6. Did a sufficient change of circumstances exist to support the trial court's modification of the dissolution decree regarding support, medical expenses, and visitation?

7. Did the court abuse its discretion in awarding Cheryl's attorney's fees?

## FACTS

On June 4, 1986, the court approved a settlement and property agreement entered by William and Cheryl and dissolved the marriage. The agreement directed William to pay child support, maintain medical insurance for the children, and pay all uninsured medical expenses. The agreement also contained a visitation clause which set forth William's rights to see the three children. Visitation had to be prescribed jointly by a mental health professional of the Jewish Board of Family Services, who represented Cheryl, and by Dr. Lawlor, who represented William. On September 29, 1987, William petitioned to remove the mental health care professional because he had not been permitted to visit the children at all. On March 7, 1988, the court responded by appointing a guardian ad litem for the children and ordered the parents to cooperate with the guardian. Later, the court appointed an expert on visitation issues related to alleged sexual abuse of children to assist the guardian.

On September 29, 1989, Cheryl filed a motion for modification of the dissolution decree and protective order. On December 15, 1989, after several continuances, the court set the hearing for April 30, 1990. On March 14, 1990, William obtained new counsel. On April 12, 1990, William petitioned to confirm the emancipation of Diane Danner, his twenty-year old adopted daughter. On April 19, William filed a motion to strike the appointment of the

guardian ad litem and his expert, which the court refused. On April 23, William filed a motion for continuance of the hearing, which the court also denied.

After the three day hearing which commenced on April 30, 1990 as scheduled, the court entered findings of fact and conclusions of law on June 19, 1990. The court noted the guardian's report which diagnosed the children as suffering post-traumatic stress disorder from abuse by William. William did not offer any psychological reports of his condition, but denied any mistreatment of the children. Relying upon the guardian's evidence and other testimony at the hearing, the court concluded visitation would impair the emotional development of the children. Pursuant to IND. CODE § 31–1–11.5–24, the court denied William visitation.

Cheryl and the children participate in psychological therapy. The court found that they should continue therapy for two years to be paid by William. Pursuant to I.C. § 31–1–11.5–12(d)(2), the court also found that Diane was partially disabled and ordered continued child support for two years. Because William stopped paying support for Diane in January 1989, the court found William in arrears and ordered payment. Cheryl also submitted past medical and psychological counselling bills, totaling $26,368, for which the court ordered William to reimburse Cheryl.

The court ordered the guardian ad litem and his expert to petition for fees. The court stated that William would be required to pay these fees. The court found changed and continuing circumstances existed which required an upward adjustment of the child support payments. The court also ordered William to pay Cheryl's attorney fees of $7,550.

William appeals the modification, arguing the trial court abused its discretion on several issues.

## DISCUSSION AND DECISION

*Issue One*

■ William first contends the trial court abused its discretion in refusing to

grant his motion for continuance of the April 30, 1990 hearing. William recognizes that the trial court has the discretion to grant or deny a continuance, which decision will not be overturned on appeal absent clear abuse of that discretion. *See Strutz v. McNagny* (1990), Ind.App., 558 N.E.2d 1103, 1108, *trans. denied*. If good cause is shown for the continuance, we will find the trial court abused its discretion in denying the motion. *Id.* The withdrawal of counsel does not entitle a party to an automatic continuance. The moving party must be free from fault and show that his rights are likely to be prejudiced by the denial. *Koors v. Great Southwest Fire Ins. Co.* (1988), 530 N.E.2d 780, 783, *reh'g denied*, (1989), Ind.App., 538 N.E.2d 259.

■ William contends that he is free from fault because his first attorney withdrew due to a tort action filed by Cheryl and the children. William further alleges that the denial prejudiced his preparation for the hearing because he did not have time to obtain experts. William's conclusory allegations fail to show prejudice. William's new counsel entered his appearance six weeks before the hearing which was sufficient time to secure experts. We do not find the trial court abused its discretion in denying William's motion for continuance.

*Issue Two*

■ William argues that the trial court did not have the authority to appoint a guardian ad litem or an expert and erred in ordering payment of their fees.[1] I.C. § 31–1–11.5–21(e) allows the court to appoint professional personnel to advise the court on the child custody determination. The trial court's appointment of the expert clearly was proper under this section. I.C. § 31–1–11.5–21(h) contemplates the appointment of a guardian ad litem and reads:

"Upon its own motion, the motion of a party, or the motion of a guardian ad

---

1. We note that I.C. § 31–1–11.5–28, which grants the trial court authority to appoint a

guardian ad litem for a child in dissolution proceedings, became effective on July 1, 1990.

litem, the court may order the custodian or the joint custodians to obtain counseling for the child under such terms and conditions as the court considers appropriate."

We find that section (h) reflects the legislature's intent to give the court the authority to appoint a guardian ad litem in section (e). Because the appointment of a guardian ad litem and an expert were within the court's power, the court also could order payment of their fees. *See Whinery v. Hammond Trust and Savings Bank* (1923), 80 Ind.App. 282, 292, 140 N.E. 451, 454 (when a guardian ad litem is appointed, the court may award him compensation for his services).

*Issue Three*

■ Next, William argues the court did not have authority to order payment of Cheryl's psychological counselling. William asserts that no statute permits a court to order payment of future medical expenses of a spouse. We note that the 1986 decree did not order spousal maintenance; and therefore, the court could not mandate maintenance later. *See In re Marriage of Sharp* (1982), Ind.App., 430 N.E.2d 417, 418 (when trial court did not retain continuing jurisdiction over the issue of possible future maintenance, right to maintenance could not be raised later).

Cheryl maintains that the court's order of payment of psychological counselling did not constitute an award of maintenance, but that the order is permitted pursuant to I.C. § 31–1–11.5–12(b)(2) which provides:

"The child support order may also include, where appropriate:

.    .    .    .    .

(2) special medical, hospital or dental expenses necessary to serve the best interest of the child; ..."

Cheryl contends that her psychological counselling serves the children's needs and payment of such fees are proper under this statute. We believe Cheryl's interpretation of I.C. § 31–1–11.5–12(b)(2) distorts the legislative intent. Under I.C. § 31–1–11.5–12(b)(2), the legislature has provided for payment of expenses of the child. If the legislature intended to provide for payment of a spouse's expenses, it could have done so with express language. We find the court erred in ordering William to pay Cheryl's psychological counselling fees.

*Issue Four*

■ The trial court ordered William to reimburse Cheryl for past medical expenses of the children totalling $26,368. William challenges the court's order, alleging that Cheryl failed to submit timely copies of the medical bills pursuant to the dissolution decree. The settlement agreement provided that William would maintain medical insurance for the children and that he would pay future medical and dental expenses not covered by insurance. The agreement further provided that Cheryl "shall promptly cooperate and assist in the filing of all claims in connection with these costs and shall promptly submit copies of all statements to Husband." Record at 24. William contends that he properly maintained medical insurance for the children and that Cheryl's delay in not submitting the receipts until 1990 should preclude reimbursement.

Essentially, William contends Cheryl's claim for unpaid medical expenses was barred by laches. To succeed on this claim, William must show that Cheryl's delay in seeking payment of the past medical expenses was inexcusable, that she impliedly waived reimbursement, and that William is prejudiced by the delay. *See Pickett v. Pickett* (1984), Ind.App., 470 N.E.2d 751, 754. We review the court's decision for an abuse of discretion. *Id.* at 755. The record adequately supports the court's order. Cheryl explained her failure to submit the bills earlier was due to harassment by William. In support of Cheryl's explanation, two experts testified that Cheryl was traumatized and had developed a phobia about submission of bills to William. The trial court could have found that Cheryl's delay was excusable. We do not find the court abused its discretion in ordering William to pay the past medical expenses of the children.

*Issue Five*

■ William argues that the court erred in failing to find Diane was emancipated. Additionally, William summarily presents

that the trial court improperly allowed testimony regarding events which occurred prior to the parties' separation in 1983. Although I.C. § 31–1–11.5–22(d) prohibits the court from hearing such evidence, William fails to inform us what testimony should have been excluded and does not direct us to the record. We are not required to search the record for reversible error. *Pope v. Wabash Valley Human Services, Inc.* (1986), Ind.App., 500 N.E.2d 209, 213, *trans. denied.* William fails to show that the court improperly allowed inadmissible evidence.

■ William further contends that Diane is able to support herself through employment and is emancipated pursuant to I.C. § 31–1–11.5–12(d)(3). Therefore, William concludes the court erred in ordering further support of Diane because the trial court ordered continued child support based upon I.C. § 31–1–11.5–12(d)(2). Our standard of review requires us to view the facts most favorable to Cheryl. We will reverse only if there is a total absence of evidence to support the court's decision. *Baker v. Baker* (1986), Ind.App., 488 N.E.2d 361, 366. Two therapists who treated Diane testified that she presently is not capable of supporting herself. The record supports the trial court's decision that Diane is not emancipated and that William should continue to pay support for her.

*Issue Six*

■ William argues there was no change in circumstances to justify the increase of child support, the modification of payment of uninsured medical expenses, and the change of visitation. A modification of child support is proper only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. I.C. § 31–1–11.5–17(a). The factors which support the modification are that the children's needs have increased and William's financial position has increased significantly. The trial court calculated support with regard to both parties' incomes and the child support guidelines.

In 1986, William was ordered to pay child support in the amount of $70 per week per child and to pay all uninsured medical, dental, and prescription expenses for the children. At the modification hearing, Cheryl declared that her projected gross income for 1990 was $240 per week, while William's 1989 income tax return suggested that William's projected 1990 gross income would be $1,227 per week. Pursuant to the child support guidelines, the trial court correctly determined William should pay $325 per week and all their medical expenses. We find the increase in child support was justified.

■ William contends the court modified the payment of uninsured medical expenses. Specifically, William complains that the court did not have the authority to order payment of the children's psychological expenses. William admits that although the court may modify an order pursuant to I.C. § 31–1–11.5–17(a), the court should have followed I.C. § 31–1–11.5–17(c)(3), which provides for enforcement of an order by any other remedies available. William contends the settlement agreement supplied another remedy for the court regarding the psychological expenses. The agreement states:

"In the event the parties are unable to agree as to the necessity of psychological or psychiatric care for the children, any dispute shall promptly be submitted for decision to Dr. Lawlor and to a mental health professional designated by the Jewish Board of Family Services, appointed pursuant to Section 2."

Record at 24. The need for psychological care is not the same issue as payment of those expenses. The agreement only provided a solution if disagreement arose concerning care. In reference to payment of such expenses, the agreement provided that William would pay the children's medical expenses, which would include psychological counselling expenses. The court has the power to order payment of psychological care for the children. I.C. § 31–1–11.5–12. When the court accepted the parties' agreement allocating the costs of the children's expenses to William, the court ordered William to pay the psychological

expenses. In the 1990 judgment, the trial court did not modify the payment of the uninsured medical expenses, but reasserted that William is responsible for those expenses. Because we do not find the court modified the payment of psychological fees, we find no error in the enforcement of payment of the children's medical expenses.

Next, William challenges the court's modification of his visitation rights. The 1986 decree allowed visitation pursuant to an elaborate arrangement set forth in the settlement agreement. William complains that the court heard improper evidence during the 1990 hearing which was the sole basis for the determination that William was to be precluded from any visitation. William vaguely describes the improper evidence as statements regarding matters prior to the dissolution. Again, without cogent argument or direction to the record, we are unable to consider this contention. *See Pope*, 500 N.E.2d at 213. Furthermore, the record provides ample support of the court's decision to terminate visitation.

*Issue Seven*

Lastly, William argues that the trial court abused its discretion in awarding attorney's fees. William acknowledges that the trial court has broad discretion in assessing attorney's fees in marriage dissolution actions. *See Barnes v. Barnes* (1990), Ind.App., 549 N.E.2d 61, 66, *trans. denied.* We will reverse the award only when it is clearly shown that the court abused its discretion. *Crowe v. Crowe* (1990), Ind.App., 555 N.E.2d 180, 183.

William contends the court failed to consider Cheryl's legal antics in determining a reasonable amount of attorney's fees. William makes several allegations about Cheryl's legal tactics. For support, William cites *Hawblitzel v. Hawblitzel* (1983), Ind.App., 447 N.E.2d 1156, in which the appellate court affirmed the trial court's order for the wife to pay the husband's attorney's fees because of the wife's obstreperous behavior. Relying upon *Hawblitzel*, William concludes that the court should not have ordered him to pay Cheryl's attorney's fees which were a re-

sult of her legal antics. A trial court considers the relative earning ability and economic circumstances of the parties to determine whether to award attorney's fees. *Crowe*, 555 N.E.2d at 183. The trial court considered William's arguments and ruled in favor of Cheryl. The parties' financial positions justify the award. We do not find the court abused its discretion in awarding Cheryl's attorney's fees.

We affirm the trial court's decision except for the order for William to pay Cheryl's psychological counselling expenses. We remand with instructions to amend the judgment by deleting the order regarding payment for psychological counselling for Cheryl.

Affirmed in part, reversed in part, and remanded.

Costs of this action shall be assessed as follows: Appellant to pay eighty-five percent (85%) and the Appellee to pay fifteen (15%) percent.

BUCHANAN, J., concurs.

BAKER, J., concurs with separate opinion.

BAKER, Judge, concurring.

Although I concur in the majority's opinion, I write separately to note that there were factors in this case which would support a deviation from the Indiana Child Support Guidelines (the Guidelines). The trial court appropriately concluded based on William's projected 1990 earnings of $1,227 per week and Cheryl's earning of $240 per week that William should be obligated to pay $325 per week in child support pursuant to the Guidelines. Other factors can affect the calculation, however.

The Guidelines anticipate that the custodial parent will be responsible for the uninsured medical expenses of the children. Ind. Child Support Guideline 3 (Commentary, p. 297, Indiana Rules of Court, West 1991). Such is not the case here, as William was ordered to pay the uninsured medical costs. The same Guidelines also anticipate, however, that the noncustodial parent will be responsible for the chil-

dren's expenses during visitation. Ind. Child Support Guideline 5 (Commentary, pp. 299–300, Indiana Rules of Court, West 1991). Here, the trial court denied William visitation with the children, thereby denying him the financial burdens associated with visitation. Cheryl will be required to make additional expenditures that she otherwise might not have made had William been awarded visitation with the children. Thus, a deviation from the guidelines would be warranted. Ind. Child Support Guideline 1 (Commentary, p. 287, Indiana Rules of Court, West 1991). In light of these factors, weighing in opposite directions, I agree with the majority that the trial court appropriately increased William's child support payments pursuant to the Guidelines.

RATLIFF, C.J.

### ON REHEARING

Cheryl requests that we clarify our decision regarding attorney fees. The trial court ordered William to pay Cheryl's attorney's fees of $7,550. The trial court also awarded Cheryl's appellate attorney's fees of $5,000. We affirm both awards of attorney's fees.

Rehearing granted.

BAKER, J. and BUCHANAN, J., concur.