# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 14 2020, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Auger
Franklin, Indiana

ATTORNEYS FOR APPELLEE

Robert A. Plantz
Aaron C. Lopez
Robert A. Plantz & Associates, LLC
Merrillville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Marriage of: | July 14, 2020 |
| Joni Popejoy, | Court of Appeals Case No. 19A-DR-2887 |
| *Appellant-Petitioner,* | |
| v. | Appeal from the Pulaski Circuit Court |
| | The Honorable Mary C. Welker, Judge |
| David Popejoy, | Trial Court Cause No. 66C01-1205-DR-29 |
| *Appellee-Respondent.* | |

**Kirsch, Judge.**

[1] Joni Popejoy ("Mother") appeals the trial court's order modifying child custody, parenting time, and child support. She raises the following restated issues for our review:

I. Whether the trial court abused its discretion when it modified child custody, parenting time, and child support because Mother asserts that those issues were not raised to the trial court; and

II. Whether the trial court abused its discretion when it denied Mother's motion for a continuance of the final hearing.

[2] We affirm.

## Facts and Procedural History

[3] Mother and David Popejoy ("Father") were previously married and share three children from their marriage. *Appellant's App. Vol. II* at 3, 4,7, 29. Mother and Father had joint custody of the children. *Id*. at 25. On June 1, 2018, Mother filed a Verified Motion for Contempt Regarding Parenting Time, alleging that Father was withholding parenting time from Mother and had failed to pay child support. *Id*. at 22-23. On that same date, Mother also filed a Rule to Show Cause and Application for Temporary Emergency Removal of Children From Their Current Place of Residence. *Appellee's App. Vol. 2* at 2-3. Paragraph three of that filing stated "[t]hat since the entry of this Court's Order, there has been a change in circumstances so substantial and continuing so as to make the current child custody Order not in the best interest of said minor children." *Id*. at 2. In

paragraph five, Mother requested that the trial court "give [Mother] temporary emergency physical and legal custody of [the children]." *Id.* Mother further asked the trial court to "give [Mother] temporary emergency custody, both physical and legal, of the minor children, allowing [Mother] to remove the children from the County of Pulaski, Indiana and take them to the County of Hamilton, Indiana." *Id.* at 3.

[4] On June 4, 2018, Mother filed a Notice of Intent to Relocate and indicated that she would be moving from Pulaski County, Indiana to Noblesville, Indiana. *Appellant's App. Vol. II* at 25. On June 20, 2018, Father filed his Objection to Relocation. *Id.* at 28. On July 6, 2018, a hearing was held on Mother's Motion for Contempt, Mother's Notice of Intent to Relocate, Mother's Petition to Modify Custody, and Father's Objection to Relocation. *Id.* at 29. After the hearing, the trial court issued an order on August 16, 2018, appointing a guardian ad litem to investigate the issues of custody and parenting time and approving the parties' Temporary Agreement regarding parenting time. *Id.* at 29-30.

[5] On December 17, 2018, a telephonic pretrial conference was held, and the matter was set for a custody hearing on April 11, 2019. *Id.* at 12. On April 4, 2019, Mother filed a Motion to Continue the April 11, 2019 custody hearing, specifically requesting that the trial court "continue this matter for a [c]ustody [h]earing on a time and date in which both parties and this Court can agree." *Id.* at 33. The trial court set the matter for a telephonic pretrial conference on April 5, 2019, and at that hearing, Mother's Motion to Continue was denied

and Mother's counsel notified the trial court that he would be filing a Motion to Withdraw. *Id*. at 14. On that same date, counsel for Mother filed his Motion to Withdraw, and the motion was granted by the trial court on April 8, 2019. *Id*. at 34, 35.

[6] On April 11, 2019, the parties appeared for the custody hearing. *Tr. Vol. 2* at 16-17. At the beginning of the hearing, Mother, who was representing herself, requested a continuance to "seek legal counsel" because she claimed she was unaware of the law and felt like she needed an attorney to proceed. *Id*. at 17. After some argument from the parties, the trial court denied Mother's request for a continuance, maintaining that she had already gone through three attorneys and that the reason her attorney was forced to withdraw was because of Mother's own actions and specifically stating that "based on the information I have, the reason for the loss of an attorney is of your own doing, ma'am." *Id*. at 39. The trial court also determined that if it continued the hearing, there would be no time available until August 2019, and the trial court did not believe that it would be fair for the children to wait that long for a resolution. *Id*.

[7] During the hearing, evidence was heard concerning the issues of custody, parenting time, and child support. At no time did Mother object to litigating these issues or claim that she had not received notice that these issues would be addressed at the hearing. *Id*. at 16-141. At the conclusion of the hearing, the trial court took the issues of permanent custody, parenting time, and child support under advisement. *Appellant's App. Vol. II* at 38. On November 12, 2019, the trial court issued its order, awarding custody of the three children to

Father, ordering parenting time in accordance with the Indiana Parenting Time Guidelines, and child support in accordance with the attached Child Support Worksheet. *Id*. at 18-21. Mother now appeals.

# Discussion and Decision

## I.     Modification

[8]     "We review custody modifications for an abuse of discretion 'with a preference for granting latitude and deference to our trial judges in family law matters.'" *Hecht v. Hecht*, 142 N.E.3d 1022, 1028 (Ind. Ct. App. 2020) (quoting *Werner v. Werner*, 946 N.E.2d 1233, 1244 (Ind. Ct. App. 2011), *trans. denied*). We also review a trial court's decision to modify child support and parenting time only for an abuse of discretion. *Moell v. Moell*, 84 N.E.3d 741, 744-45 (Ind. Ct. App. 2017); *Hooker v. Hooker*, 15 N.E.3d 1103, 1105 (Ind. Ct. App. 2014). This is because it is the trial court that observes the parties' conduct and demeanor and hears their testimony firsthand. *Hecht*, 142 N.E.3d at 1029. We will not reweigh the evidence or judge the credibility of the witnesses. *Id.* Rather, we will reverse the trial court's custody determination only if the decision is "clearly against the logic and effect of the facts and circumstances or the reasonable inferences drawn therefrom." *Id*.

[9]     Mother argues that the trial court abused its discretion when it issued its order modifying child custody, parenting time, and child support. She asserts that these modifications were in error because neither party raised these modification issues before the trial court. She contends that neither her Notice

of Intent to Relocate nor Father's Objection to Relocation expressed any request to modify custody or parenting time, and therefore, the trial court's modifications of custody, parenting time, and child support were erroneous as a matter of law.

[10] In this case, the underlying issue is Mother's intent to relocate. When a parent intends to relocate, that parent must file a specific notice with the trial court that issued the original custody and parenting time order and serve notice to the non-relocating parent. Ind. Code § 31-17-2.2-1(a); Ind. Code § 31-17-2.2-3. The nonrelocating parent must then file a response either consenting to the relocation or objecting to the relocation. Ind. Code § 31-17-2.2-5. The trial court may grant a temporary order restraining the relocation of the children until the matter can be presented at a final hearing. Ind. Code § 31-17-2.2-6.

[11] Here, on June 1, 2018, Mother filed her Rule to Show Cause and Application for Temporary Emergency Removal of Children From Their Current Place of Residence. *Appellee's App. Vol. 2* at 2-3. Paragraph three of this pleading stated "[t]hat since the entry of this Court's Order, there has been a change in circumstances so substantial and continuing so as to make the current child custody Order not in the best interest of said minor children." *Id*. at 2. Paragraph five requested that the trial court "give [Mother] temporary emergency physical and legal custody of [the children]." *Id*. Mother further requested the trial court to "give [Mother] temporary emergency custody, both physical and legal, of the minor children, allowing [Mother] to remove the children from the County of Pulaski, Indiana and take them to the County of

Hamilton, Indiana." *Id*. at 3. Therefore, from this pleading, it is clear that Mother was seeking an award of full custody to herself so that she could relocate with the children to Hamilton County, which is a substantial distance away from Pulaski County.

[12] On July 6, 2018, a hearing was held on Mother's Motion for Contempt, Mother's Notice of Intent to Relocate, Mother's Petition to Modify Custody, and Father's Objection to Relocation. *Appellant's App. Vol. II* at 29. After the hearing, the trial court issued an order on August 16, 2018, appointing a guardian ad litem to investigate the issues of custody and parenting time, and approving the parties' Temporary Agreement regarding parenting time. *Id*. at 29-30. On December 17, 2018, a telephonic pretrial conference was held, and the matter was set for a custody hearing on April 11, 2019. *Id*. at 12. On April 4, 2019, Mother, filed a Motion to Continue the April 11 custody hearing, specifically requesting that the trial court "continue this matter for a [c]ustody [h]earing on a time and date in which both parties and this Court can agree." *Id*. at 33. The trial court set the matter for a telephonic pretrial conference on April 5, 2019, and at that hearing, Mother's Motion to Continue was denied and Mother's counsel notified the trial court that he would be filing a Motion to Withdraw. *Id*. at 14. The matter then proceeded to the custody hearing on April 11, 2019, where Mother appeared without representation and did not object to the issue of custody being litigated at that hearing.

[13] From our review of the record, it is clear that Mother raised the issue of custody modification in her June 1, 2018 pleading and that she was aware that custody

was at issue in light of the facts that, in August 2018, a guardian ad litem was ordered to be appointed to investigate the issues of custody and parenting time and that, on December 17, 2018, the matter was set for a custody hearing to be held on April 11, 2019. Based on the foregoing, it is clear that Mother was on notice that the matter was set for a custody hearing on April 11, 2019, and that the issue of custody would be litigated at that hearing, particularly in light of the fact that she had raised the issue in her June 1, 2018 pleading. At no time prior to this appeal did Mother object to custody being at issue or to the trial court issuing an order on the modification issues after a final custody hearing. We, therefore, conclude that Mother was aware that custody was at issue in the proceedings in this matter and cannot now object to the issue being resolved by the trial court. The trial court did not abuse its discretion when it modified child custody, parenting time, and child support.

## II. Continuance

[14] The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court, and we will reverse the trial court only for an abuse of that discretion. *Smith v. Smith*, 136 N.E.3d 656, 658 (Ind. Ct. App. 2019). "An abuse of discretion may be found on the denial of a motion for a continuance when the moving party has shown good cause for granting the motion." *Id*. at 658-59. An abuse of discretion will be found when a trial court reaches a conclusion which is clearly against the logic and effect of the facts or the reasonable and probable deductions which may be drawn therefrom. *Id*. at

659. No abuse of discretion will be found when the moving party has not shown that she was prejudiced by the denial. *Id.*

[15] Mother contends that the trial court abused its discretion when it denied her motion to continue the custody hearing to give her time to obtain counsel. She argues that, in denying her request, the trial court deprived her of counsel at a crucial stage of the proceedings, which was prejudicial to her. Mother further asserts that it was an abuse of discretion for the trial court to deny her request because a continuance would not have been prejudicial to Father as nothing in the parties' circumstances would have changed, and Father would have maintained temporary custody of the children pending a new hearing date.

[16] On April 5, 2019, counsel for Mother filed his Motion to Withdraw, and the motion was granted by the trial court on April 8, 2019. *Appellant's App. Vol. II* at 34, 35. On April 11, 2019, at the beginning of the custody hearing, Mother, who was representing herself, requested a continuance to "seek legal counsel" because she claimed she was unaware of the law and felt like she needed an attorney to proceed. *Tr. Vol. 2* at 17. After argument from the parties, the trial court denied Mother's request for a continuance, maintaining that Mother had already gone through three attorneys and that the reason her last attorney was forced to withdraw was because of Mother's own actions, specifically stating that "based on the information I have, the reason for the loss of an attorney is of your own doing, ma'am." *Id.* at 39. The trial court further determined that if it continued the hearing, there would be no time available for a hearing until

August 2019, and the trial court did not believe that it would be fair for the children to wait that long for a resolution of the issues. *Id.*

[17] The withdrawal of counsel does not entitle a party to an automatic continuance. *Hamilton v. State*, 864 N.E.2d 1104, 1109 (Ind. Ct. App. 2007) (citing *Danner v. Danner*, 573 N.E.2d 934, 937 (Ind. Ct. App. 1991), *trans. denied*). The party seeking a continuance must show that he or she is free from fault. *In re B.H.*, 44 N.E.3d 745, 748 (Ind. Ct. App. 2015) (citing *Danner*, 573 N.E.2d at 937), *trans. denied*.

[18] Here, Mother cannot show that she is free from fault. In fact, the fault for Mother's attorney withdrawing and leaving her without representation on the date of the custody hearing resulted from Mother's own conduct. In denying Mother's request for a continuance, the trial court found that Mother had already had three attorneys over the course of the proceedings. *Tr. Vol. 2* at 39. Further, the trial court stated, "based on the information I have, the reason for the loss of an attorney is of your own doing, ma'am." *Id.* When advising the trial court that he planned to withdraw, Mother's attorney had indicated that, as a matter of ethics, he was forced to withdraw due to misrepresentations made to him by Mother. *Id.* at 19. Mother was thus attempting to seek a continuance to obtain a new attorney when it was through her own fault that her prior attorney had withdrawn. Although Mother alleges that she was prejudiced by the denial of her request for a continuance, she cannot show that she was free from fault for the withdrawal of her counsel, which was what

necessitated her request. We conclude that the trial court did not abuse its discretion in denying Mother's request for a continuance.

[19] Further, the issues of custody, parenting time, and child support had been pending since June 2018 when Mother filed her Notice of Intent to Relocate and associated pleadings requesting modification. Therefore, at the time of the custody hearing on April 11, 2019, the matters had been pending for close to one year. The trial court advised the parties that if a continuance was granted, the hearing would have to be postponed until August 2019, which would be fourteen months after the original pleadings were filed. *Tr. Vol. 2* at 39. Thus, it was in the best interest of the parties and particularly the children to conduct the custody hearing in April to ensure that the matters could be resolved sooner as opposed to having a custody hearing in August, the same month that school was set to begin for the children, especially if the trial court had determined that the children could relocate with Mother. Based on this, we cannot conclude that the trial court's decision to deny Mother's request for a continuance was clearly against the logic and effect of the facts or the reasonable and probable deductions which may be drawn therefrom. *See Smith*, 136 N.E.3d at 658. Therefore, the trial court did not abuse its discretion.

[20] Affirmed.

Najam, J., and Brown, J., concur.