**In re the MARRIAGE OF Larry R. PULLEY, Appellant–Respondent,**

and

**Diane K. Pulley, Appellee–Petitioner.**

**No. 27A02–9411–CV–703.**

Court of Appeals of Indiana.

June 20, 1995.

Transfer Denied Oct. 16, 1995.

Ann E. Zobrosky and Arden W. Zobrosky, Zobrosky & Zobrosky, Marion, for appellant.

C. Robert Rittman, Osborn, Rittman & Osborn, Marion, for appellee.

## OPINION

STATON, Judge.

Larry Pulley appeals the trial court's division of assets in a marriage dissolution proceeding with his former wife, Diana. Larry raises three issues on appeal which we restate as follows:

    I.  Whether the trial court erred in its division of marital property.

    II.  Whether the trial court erred in ordering Larry to pay the parties' unemancipated child's college expenses.

    III.  Whether the trial court erred in ordering Larry to pay Diana's appellate attorney fees.

We affirm in part, reverse in part, and remand.

The facts most favorable to the judgment are as follows. Diana and Larry were married in 1965. They lived on a sixty-acre tract of land in Grant County ("60 acre tract") which belonged to Larry's parents, Lillard and Betty. During the course of their marriage, the parties had three children, the youngest of which, Britt, was paralyzed in a farming accident during his early teens and is now attending college.

While living on the 60 acre tract, the parties made substantial improvements to the land, including setting up farming operations, remodeling the home, and installing a well. The parties did not pay Larry's parents rent while living there, nor did they share crops or proceeds from the their dairy operation; they bartered their services in exchange for rent.

In 1982, the parties jointly acquired and began operating a one hundred fifty-six acre farm ("156 acre tract") in Huntington County. Betty co-signed the mortgage and other loans for the parties. Betty testified that she would give them checks whenever they could not make monthly payments. In total, Betty has given the parties $211,723 for various reasons. She has never been repaid any of this money.

In 1988, Larry inherited a one hundred four acre farm ("104 acre tract") from his grandfather. This tract, held solely in Larry's name, is cash-rented at this time with Larry receiving the proceeds.

The parties separated in 1992 while involved in Chapter 12 Farm Bankruptcy proceedings. The trial court reserved judgment on the property issues until after the Chapter 12 proceedings concluded. The 104 acre tract and personal property were all that remained after the bankruptcy proceedings.

The trial court entered an order apportioning liabilities and dividing the parties' assets sixty percent to Larry and forty percent to Diana. Larry, unhappy with the distribution, appeals.

## I.

### Division of Marital Property

Larry first argues that the trial court erred in its division of marital assets and liabilities. Larry bases this argument on the trial court's assigning to him any debt owed to Betty. In addition, Larry argues error in the trial court's inclusion of the inherited 104 acre tract and exclusion of back taxes from the marital pot.

Indiana Code § 31–1–11.5–11 governs the disposition of marital assets in dissolution proceedings. Absent rebuttal, the court presumes an equal division of the property between the parties is just and reasonable. I.C. § 31–1–11.5–11(c). A trial court may, in appropriate circumstances, set aside to one party the value of a marital asset where the other party did not contribute to its acquisition. However, the court is not required to do so. *In Re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641, 646, *reh. denied.* We review the distribution under an abuse of discretion standard. *Norton v. Norton* (1991), Ind.App., 573 N.E.2d 941, 943. Therefore, we will only reverse when the trial court's decision is clearly against the logic and effect of the facts and circumstances presented. *Id.*

Larry first argues that the trial court did not reasonably distribute the property when it assigned to Larry any debt owed to Betty. When marital property is divided, the court must consider both assets and liabilities. *Dusenberry v. Dusenberry* (1993), Ind.App., 625 N.E.2d 458, 461; *In re Marriage of Coomer* (1993), Ind.App., 622 N.E.2d 1315, 1318.

The trial court, in its order, held that any money owed to Betty was not marital debt. It noted that Betty did not require promissory notes or instruments of any kind to secure repayment. The relevant testimony indicated that Betty had never asked the parties to repay the money she gave them. Indeed, at trial, Betty characterized the money as a gift.

This court's opinion in *In re Marriage of Church* (1981), Ind.App., 424 N.E.2d 1078, *trans. denied,* is instructive on this matter. In *Church* the parties borrowed money from

wife's parents to buy a fishing boat. The trial court made no finding as to whom was responsible for the boat "debt" in the dissolution decree. This court held that, where the evidence conflicts as to whether payments are a gift or a loan, the trial court may infer that the money is a gift and not provide for its repayment. *Id,* at 1081. Some of the factors the court considered relevant to this conclusion were that the loan was three years past, no request for payment had been made, and there was a history of parental gift-giving. The finding that the money was a gift is implicit in the order, this court concluded, as we presume that courts correctly follow the law. *Id.*

The facts in this case favor affirming much more than those in *Church.* In *Church,* the husband and father-in-law testified the money was a loan requiring monthly payments; in this case, only Larry described the money as a loan. Further, the parties lived on Betty's land for twenty-five years without paying rent, Betty required no promissory notes, Betty's gifts to the parties began as early as 1982, and Betty never asked for repayment; even at trial, Betty did not testify that she expected repayment.

The trial court explicitly held that any debt owed to Betty is not a marital debt; the finding that Betty gave the parties the money is implicit in the order. Pursuant to the holding in *Church,* the court did not abuse its discretion in implicitly concluding the money was a gift to the parties.[1]

Larry next argues that the trial court erred by including the 104 acre tract in the marital pot. Larry claims that I.C. § 31–1–11.5–11(c) mandates exclusion of inherited property. To the contrary, this section does not exclude inheritance from the marital pot or place those assets beyond the court's authority to divide. *McBride v. McBride* (1981), Ind.App., 427 N.E.2d 1148,

1151. The statute states only that the presumption of even distribution may be rebutted by evidence of inheritance. I.C. § 31–1–11.5–11(c)(2). The trial court considered the inheritance and, partly on that basis, awarded Larry sixty percent of the marital pot.

Finally, Larry argues the trial court erred in ordering him to pay the taxes owed by the parties. This amounts to $8,862 in back taxes for 1989 and 1990 plus $2,285 in property taxes on the 104 acre tract.[2] In total, the trial court assigned $11,147 in taxes to Larry. With a marital estate of this size, this amounts to a substantial deviation from the attempted 60/40 split. *See Hoskins v. Hoskins* (1993), Ind.App., 611 N.E.2d 178, 180. When dividing marital property, the trial court must come close to the attempted apportionment otherwise the findings will not support the judgment and we must remand. *See Coomer, supra,* at 1320. Since the trial court improperly excluded tax liabilities from the marital pot, the order reflects a far different result than the 60/40 split the court attempted. As such, we remand to the trial court with directions to include the taxes as marital debts and to either divide the assets according to the statutory presumption or enter findings justifying an unequal division.

## II.

### College Expenses

Larry next argues that the trial court erred in assigning Britt's college expenses exclusively to him. Larry claims this was an abuse of the trial court's discretion as he does not have the resources to meet these expenses.

When college expenses are apportioned, we only reverse the trial court's decision if it is clearly erroneous. *Carr v. Carr* (1992), Ind., 600 N.E.2d 943, 945. How-

---

1. Larry's related issue of improper maintenance is disposed of by our conclusion on this issue. Larry claims the trial court awarded improper maintenance because Diana received a cash award of $39,618 from an estate with no net value. Larry's argument fails for the following reasons: (1) the estate had a net value, and (2) a property award may exceed the net value of the estate without being considered maintenance so

long as it does not exceed the estate's gross value, *Coomer, infra,* at 1318.

2. Larry submitted checks from May 1, 1992 to May 3, 1994 for amounts totaling $10,285 paid for taxes on this tract. On cross-examination, however, Larry admitted applying $8,000 of rent payments received on April 25, 1992 toward these debts.

ever, absent a finding by the trial court that such a disposition would be unfair, the apportionment of college expenses between the parties is clearly erroneous if it deviates from their proportionate share of income. *Id,* at 946.

The trial court's order indicates no justification for apportioning all of Britt's college expenses to Larry. Further, we see no indication from the record that Diana cannot contribute any funds to Britt's college expenses. Diana offers several theories as to why the trial court may have made this apportionment; we, however, cannot engage in this conjecture. Absent justification, college expenses must be roughly apportioned to the parties' share of income. *Id.* Since the trial court presented no such justification, it abused its discretion in this matter. We remand to the trial court for reconsideration of the apportionment of Britt's college expenses.

### III.

#### *Attorney Fees*

Larry argues that the trial court erred in awarding Diana appellate attorney fees. Larry claims the trial court made this award without considering the parties' financial positions.

When reviewing an award of attorney fees in connection with a dissolution decree, we only reverse the trial court for an abuse of discretion. *Crowe v. Crowe* (1990), Ind.App., 555 N.E.2d 180, 183. In making such an award, the court must consider the parties' relative resources, ability to engage in gainful employment, and ability to earn an adequate income. *Id.* The court need not, however, give reasons for its determination. *Id.*

The record reveals ample reasons for the trial court awarding Diana appellate attorney fees. Larry appeals despite the fact that he received sixty percent of the marital pot. Larry makes about twice as much as Diana and receives rent payments on the 104 acre tract. Further, Larry retains the real estate while Diana has only an unpaid judgment; thus, Larry has greater immediate access to

funds. For these reasons, we conclude the trial court did not abuse its discretion in awarding attorney fees to Diana.

We reverse and remand this case for reconsideration of the marital debt and an apportionment of Britt's college expenses consistent with this opinion. The order is affirmed in all other matters.

We affirm in part, reverse in part, and remand.

HOFFMAN and RILEY, JJ., concur.