**Barry A. McMASTER, Appellant–Respondent,**

v.

**Susan McMASTER, Appellee–Petitioner.**

**No. 49A05–9610–CV–401.**

Court of Appeals of Indiana.

June 18, 1997.

---

Gregory S. Fehribach, Stark Doninger & Smith, Indianapolis, for Appellant–Respondent.

Jane Ruemmele, Gilman & Ruemmele, Indianapolis, for Appellee–Petitioner.

## OPINION

RUCKER, Judge.

This appeal arises out of a final decree dissolving the marriage of Barry A. McMaster (Father) and Susan McMaster (Mother). Father raises three issues for our review which we rearrange and rephrase as follows: (1) did the trial court err in ordering Father to pay all of the college expenses for the parties' minor daughter, (2) did the trial court err in its distribution of the marital estate, and (3) did the trial court err in ordering Father to pay Mother's attorney fees. We affirm in part and reverse in part.

This is the second time this case has come before us. In the first appeal Father challenged the trial court's division of the marital estate, its calculation of Father's income, and the trial court's order directing Father to pay Mother's attorney fees. In a memorandum decision we determined that two inheritances Father received, which were valued at

$452,529.00 as of the date of the final hearing, should not have been divided between the parties, but rather the funds should have been awarded solely to Father. *McMaster v. McMaster*, 652 N.E.2d 119 (Ind.Ct.App.1995) (Unpublished Table decision). We also determined that the trial court erred in calculating Father's income and thus the child support order was erroneous. In addition we determined that the award of attorney fees was erroneous because it was based on Father's alleged obstreperous conduct during the course of trial proceedings, and the record did not reflect that Father engaged in such conduct. We concluded as follows:

> The judgment is reversed and this cause is remanded to the trial court with instructions that it place the entire amount of the inherited funds in Barry's name, that an equitable division of property be effected in accordance with this opinion, that child support be recalculated, and that the award of attorney fees be reduced to an amount reflective of our determination that Barry's conduct was not obstreperous.

On remand the trial court conducted a hearing and evidence was introduced which showed that since the final hearing the minor child Joelle had entered the University of Colorado as a freshman student. The yearly cost of her education is approximately $22,000.00. Entering findings and conclusions in support of its judgment the trial court determined that the value of the marital estate is $609,222.00. In accordance with our remand instruction the trial court awarded Father the $452,529.00 inheritance. The balance of the estate in the amount $159,693.00 was awarded to Mother. Finding that Mother could not afford to pay any portion of Joelle's college tuition, the trial court ordered Father to pay the entire college expenses, including tuition, room and board, books, fees, and miscellaneous expenses. Finally the trial court determined that since the time of our remand instruction Mother had incurred additional attorney fees in the amount of $15,639.50. Adding the additional amount to the original award of $14,177.37, the trial court ordered Father to pay the fees reasoning that Father enjoys a superior economic position to that of Mother. This appeal ensued in due course.

## I.

Father contends the trial court erred in ordering him to pay the full cost of Joelle's college education. Citing *Carr v. Carr*, 600 N.E.2d 943 (Ind.1992) Father argues that the apportionment of college expenses should be based upon a "rough proportionality" between the parties' income. *Id.* at 946. According to Father his income including passive income from the inheritance equals $41,866.24 and Mother's income equals $37,961.04. Father observes that this three thousand dollar plus difference in income is far less than the nine thousand dollar difference in *Carr*. In that case our Supreme Court reversed a judgment requiring one party to pay more than 80% of the child's college expenses. We first observe that Father reads *Carr* too narrowly. Although there was a discussion in the case concerning the significance of parental income in relation to the payment of extraordinary educational expenses, *Carr* does not stand for the proposition that income alone is the determining factor when apportioning the cost of college education. For example, the court also referred to the equity the parties had acquired in their respective real estate as well as the amount of money both parties had accumulated in their individual savings accounts. *Id.* Further, the court observed that the trial court's apportionment of college expenses "between the parents in a way disproportionate to their resources" was clearly erroneous. *Id.* at 944.

Nonetheless we agree that the trial court erred in ordering Father to pay all of Joelle's college expenses. When the apportionment of college expenses is at issue we will reverse the trial court's decision if it is clearly erroneous. *In re Marriage of Pulley*, 652 N.E.2d 528 (Ind.Ct.App.1995), *trans. denied.* Where, as here, the trial court enters special findings of fact and conclusions thereon, a judgment is clearly erroneous when unsupported by the conclusions drawn. The conclusions are clearly erroneous when they are unsupported by the findings of fact. Findings of fact are clearly erroneous when the record lacks any facts or reasonable inferences to support them. *DeHaan v. De-*

*Haan,* 572 N.E.2d 1315 (Ind.Ct.App.1991), *trans. denied.* In this case the trial court found that Mother "cannot afford to pay *any portion* of the tuition for the University of Colorado." *R.* at 239 (emphasis added). The evidence of record does not support the trial court's finding. Rather, the record shows that in addition to her income, Mother also has a savings account of approximately $20,-000.00. Further, the trial court awarded Mother a judgment against Father in the amount of $71,148.00. In sum, in addition to her wages Mother has available financial resources in excess of $90,000.00. "At least one factor in determining whether to require a parent to contribute to the expense of a child's higher education is the financial ability of the parent." *Boruff v. Boruff,* 602 N.E.2d 180, (Ind.Ct.App.1992) citing *Thiele v. Thiele,* 479 N.E.2d 1324 (Ind.Ct.App.1985); Ind.Code § 31–1–11.5–12(b). Here, the trial court made no determination, nor does the record show why Mother cannot use a portion of her resources to contribute to Joelle's college education. In her brief Mother suggests the trial court ordered Father to pay the full educational expenses because Father is financially able to do so. While Mother's argument may justify an order requiring her to make a modest contribution to Joelle's college expenses consistent with her financial ability, it does not justify an order requiring Father to pay all of the expenses. The trial court's judgment to the contrary is clearly erroneous and must be reversed.

■ In a related argument Father contends the trial court also erred in failing to address the prospect that Joelle might assume some of the costs of her education. According to Father the trial court did not consider school year employment, other cost reducing programs available to Joelle, or the fact that Joelle has various bank accounts totaling approximately $16,000.00. Father is relying on that portion of *Carr, supra* which provides that in apportioning extraordinary educational expenses the trial court should consider "scholarships, grants, student loans, summer and school year employment and other cost-reducing programs available to the student. The student should be expected to actually apply for available aid, and a failure to do so should be considered when establish-ing educational expenses." *Id.* at 946 citing Indiana Support Guideline 3(E)(3).

Father's argument fails for at least two reasons. First, the trial court did consider the availability of scholarships, grants and student loans. Specifically the trial court found that although Joelle is doing well in school the parties did not anticipate that she would qualify for scholastic scholarships. *R.* at 238 (finding number 23). The trial court also found that the parties did not anticipate that Joelle qualified for financial assistance due to the assets Father holds. *R.* at 238 (finding number 24). Father does not challenge these findings and we accept them as true. Second, as far as summer and school year employment is concerned, Father presented no evidence at trial concerning them. The guidelines contemplate that cost reducing measures will be factored in to college expense orders "where their potential is raised by the record." *Carr,* 600 N.E.2d at 946. Their potential is not raised by the record here and we find no error on this point. Concerning Joelle's savings accounts the critical inquiry is to what extent the parents, if still married, would have contributed to the child's college expenses. *Neudecker v. Neudecker,* 577 N.E.2d 960, 962 (Ind.1991). Father does not contend and the record does not reveal that if the parties were still married they would have required Joelle to use her savings to support the cost of her college education. Again, we find no error.

## II.

Father contends the trial court abused its discretion in dividing the marital property because it did so inequitably. On remand the trial court valued the marital estate at $609,222.00, awarded Father $452,529.00 in accordance with our remand instruction, and awarded Mother the balance of the estate in the amount of $159,693.00. In Father's view our remand instruction required the trial court to first set aside the inheritance to Father and then divide the remainder of the estate 50/50.

■ Subject to the statutory presumption that an equal distribution of marital property

is just and reasonable, the disposition of marital assets is committed to the sound discretion of the trial court. *Euler v. Euler,* 537 N.E.2d 554 (Ind.Ct.App.1989). Father is apparently proceeding under the theory that the inheritance was removed from and not included in the marital pot. Father is mistaken. In our memorandum decision we did instruct the trial court to place the entire amount of the inherited funds in Father's name. However, nothing in the decision could be read to imply that the inherited funds were excluded from the marital pot. Rather, we merely held that Father was entitled to receive the funds for reasons we discussed in the decision. The law in this area is clear; regardless of its source all property owned by the parties, including property acquired by inheritance, shall be included in the marital assets. *Castaneda v. Castaneda,* 615 N.E.2d 467 (Ind.Ct.App. 1993); *In re Marriage of Davidson,* 540 N.E.2d 641 (Ind.Ct.App.1989), *reh'g denied.* On remand the trial court's order resulted in a 74% to 26% division of the total marital estate in Father's favor. We find no abuse of discretion in the trial court's award.

### III.

Finally Father contends the trial court erred in ordering him to pay Mother's trial and appellate attorney fees. According to Father the trial court violated this court's remand instruction to reduce the award of fees and instead increased them by over fifteen thousand dollars. Father is partly correct. The trial court's original award of attorney fees to Mother was based upon a finding that Father's conduct was obstreperous. We concluded that Father's conduct was not obstreperous and therefore it was an abuse of discretion to base the award of attorney's fees upon this finding. We then reversed the trial court's judgment on this point and remanded the cause with instructions that the fees be reduced to an amount reflective of our determination that Father's conduct was not obstreperous. On remand, rather than reduce the award of attorney fees, the trial court ordered Father to pay the original fees in the amount of $14,177.37 as well as additional fees incurred in the amount of $15,639.50. In support of its order

the trial court found that because of his superior economic situation Father is better equipped financially to bear the cost of litigation.

■ As far as the original attorney fees award is concerned, the remand instruction anticipated that the fees be reduced. The amount of the reduction was left to the discretion of the trial court but must have been reflective of our determination that Father's conduct was not obstreperous. The trial court's failure to reduce the award is inconsistent with the remand instruction and therefore must be reversed.

■ Concerning the additional award of attorney fees, we find no error. The trial court has the discretion to assess reasonable attorney fees against one party in a divorce proceeding. Ind.Code § 31–1–11.5–16; *Crowe v. Crowe,* 555 N.E.2d 180 (Ind.Ct.App. 1990). We will reverse only upon a showing of a clear abuse of discretion. *Baker v. Baker,* 488 N.E.2d 361 (Ind.Ct.App.1986). An award of attorney fees is proper when one party is in a superior position to pay the fees of the other party. *Reese v. Reese,* 671 N.E.2d 187 (Ind.Ct.App.1996), *trans. denied,* citing *In re Marriage of Pulley,* 652 N.E.2d 528 (Ind.Ct.App.1995) *trans. denied* (no abuse of discretion when husband received greater share of marital estate and earned twice as much as wife); *Millar v. Millar,* 581 N.E.2d 986 (Ind.Ct.App.1991), *summarily aff'd,* 593 N.E.2d 1182 (Ind.1992) (no abuse of discretion when there was a disparity in income potential and resources available to parties). In assessing attorney fees the trial court may consider such factors as the resources of the parties, their economic condition, and their abilities to engage in gainful employment. *Selke v. Selke,* 600 N.E.2d 100 (Ind.1992).

Here Father does not complain that the amount of additional fees is unreasonable. Rather, he challenges various trial court findings asserting "the record belies the trial court's conclusion that Barry enjoys a superior economic situation to that of Susan." *Brief of Appellant* at 27. Father's argument completely ignores the fact that Father was awarded the entire inheritance totaling over

$400,000.00, which represents 76% of the marital estate. This fact alone supports the trial court's conclusion that Father's economic position is superior to that of Mother. *See Reese, supra* (an award of attorney fees is proper when one party is in a superior position to pay the fees of the other party). We find no abuse of discretion on this issue.

In conclusion we reverse that portion of the trial court's judgment ordering Father to pay the full cost of Joelle's college education. We also reverse that portion of the trial court's judgment ordering Father to pay the full amount of the original attorney fees. This cause is therefore remanded to the trial court with instructions to apportion the payment of college expenses between Father and Mother consistent with the parties' financial resources and to reduce the amount of the original attorney fees award consistent with this court's previous remand instructions. In all other respects the judgment of the trial court is affirmed.

GARRARD and KIRSCH, JJ., concur.