**In re the Marriage of Alison SANJARI, Appellant–Petitioner,**

v.

**Amir H. SANJARI, Appellee–Respondent.**

**No. 20A05–0106–CV–236.**

Court of Appeals of Indiana.

Oct. 4, 2001.

---

Laurie A. Bigsby, Fred R. Hains & Associates, South Bend, Indiana, Attorney for Appellant.

John William Davis, Jr., Davis & Roose, Goshen, Indiana, Attorney for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Respondent Amir Sanjari ("Amir") appeals the child support order and division of marital property in the dissolution of his marriage to Appellee–Petitioner Alison Sanjari ("Alison"). We affirm in part, reverse in part, and remand with instructions.

### Issues

Amir presents two issues for review:

I. Whether the child support order constitutes an abuse of the trial court's discretion; and

II. Whether the trial court abused its discretion in the valuation and division of marital property.

Alison presents a single issue on cross appeal:

I. Whether the trial court made mathematical errors resulting in an inadequate equalization judgment.

### Facts and Procedural History

Amir and Alison were married on February 11, 1982. Two children were born of the marriage. On August 9, 1999, Alison petitioned for dissolution of the marriage.

The trial court entered a provisional order on September 14, 1999. The parties were awarded joint legal custody and joint physical custody of their two children. Amir was then unemployed. In light of Amir's temporary unemployment, Alison was ordered to pay certain expenses, for which she would be credited in the final property distribution order. Additionally, Alison was ordered to pay temporary child support in the amount of $51.00 per week.

On August 22, 2000, the trial court conducted a final hearing. Alison and Amir

agreed to a permanent award of joint legal custody and joint physical custody of their children, with each parent having the children in his or her care 50% of each two-week period of time. They also amicably agreed to a division of their personal property out-of-court. The remaining marital assets consisted of the marital residence, one vehicle, a pension, business equipment and cash. However, the marital debt substantially exceeded the value of the assets.

At the hearing, the parties disputed the value of the residence and the appropriate amount of credit, if any, to be allocated to Amir for anticipatory tuition payments to a private school that the children ultimately did not attend. At the conclusion of the hearing, the trial court ordered that the children remain in public school and allocated no credit to Amir for tuition payments. Amir was ordered to pay child support in graduated amounts of $175.00 and $215.00 weekly.[1] The marital residence, valued at $90,000.00, was awarded to Alison and she was ordered to pay the first and second mortgages totaling $94,764.00. Purportedly, the property distribution resulted in a negative asset award to each party with Alison having the larger negative balance. No equalization order was entered.

On September 20, 2000, Amir initiated an appeal. On September 21, 2000, Alison filed a Motion to Correct Errors. On February 6, 2001, this Court terminated the appeal and remanded the matter to the trial court to permit the trial court to rule on Alison's Motion to Correct Errors. On February 16, 2001, the trial court modified its original property distribution order to include previously omitted marital debt and an additional marital asset. Further,

the trial court entered an equalization judgment against Amir in the amount of $12,525.06. Amir now appeals.

### Discussion and Decision

#### I. Child Support Order

■■■ Reversal of a trial court's child support order is merited only where the determination is clearly against the logic and effect of the facts and circumstances. *Fields v. Fields*, 749 N.E.2d 100, 104 (Ind. Ct.App.2001), *trans. denied.* This Court will consider only the evidence and reasonable inferences favorable to the judgment. *Id.* However, we will not blindly adhere to the computation of support without giving careful consideration to the variables that require changing the result in order to do justice. *Id.* (citing *Kinsey v. Kinsey*, 640 N.E.2d 42, 43–44 (Ind.1994)).

Amir contends that his child support order is erroneous because it incorporates a deviation from the Indiana Child Support Guidelines ("Guidelines") for visitation rather than contemplating his status as a custodial parent. We agree.

Regarding child custody and child support, the Decree of Dissolution provides in pertinent part:

> 2. The parties are awarded the joint legal and physical custody of the minor children, to-wit: [A.S.], date of birth October 8, 1988, and [M.S.], date of birth September 11, 1992. The court is of the opinion that the parties are able to agree on periods of custody for each parent which are approximately equal in time and that no order for visitation will be entered.
>
> . . .

---

1. As of the final hearing, Amir had procured temporary, contractual employment for which he was paid $5,000.00 monthly. He had also procured employment to commence at a future date, with an annual salary of $83,000.00. The graduated child support payments were calculated using those respective amounts.

5. Absent the shared custody of the children and based on the child support guidelines, the support obligation of the husband would be $221.00 per week, after granting the normal 10% credit for visitation (child support worksheet attached as Exhibit 1).

The court, because of the additional time spent with the children over and above the regular guidelines of the court, finds that a deviation from the guidelines is in order and now sets support to be paid by the husband at $175.00 per week beginning on June 16, 2000, and ending September 1, 2000. Beginning September 1, 2000, the husband's income increases to $83,000.00 per year ($1,596.00 per week), increasing the support, by chart, to $268.00 per week. Again, allowing credit for extra visitation, the court sets support to be paid by the husband at $215.00 per week beginning September 8, 2000.

(Appendix 6–7.) The thrust of the order is that Alison is treated as the custodial parent and Amir is treated as the non-custodial parent who exercises visitation.[2] Such is contrary to the parties' agreement for joint physical custody, adopted and incorporated by the trial court into the Decree of Dissolution.

■ The Guidelines do not directly address the calculation of child support in circumstances where the parents have been awarded joint physical custody of their children. Nevertheless, in this situation we find instructive the following Commentary to Guideline 6 concerning split custody:

In those situations where each parent has physical custody of one or more children (split custody), it is suggested that support be computed in the following manner:

1. Compute the support a father would pay to a mother for the children in her custody as if they were the only children of the marriage.

2. Compute the support a mother would pay to a father for the children in his custody as if they were the only children of the marriage.

3. Subtract the lesser from the greater support amount.

4. The parent who owes the greater amount of support pays the difference computed in step 3, above.

The practical effect on child rearing expenses where each parent has two children half-time would presumably be analogous to the effect on expenses where each parent has one child full-time, the situation described in the foregoing Commentary. However, we do not suggest that all other support calculation methods are foreclosed in joint physical custody situations. As the Commentary to Guideline 6 states "infinite possibilities exist in terms of time spent with each parent, travel between parents and other considerations."

Here, however, the record reflects that the parents spend equal time with their children and live in the same geographical area. Moreover, there is no testimony that either parent incurs extraordinary medical expenses or extraordinary expenditures on behalf of the children. Finally, the child support worksheets in the record reflect that neither parent has a legal duty of support for a dependent other than children of this marriage. Under these circumstances, we remand for a calculation of child support obligations of both parents

2. Visitation is governed by the Indiana Parenting Time Guidelines, which are applicable "where *one person* has primary physical custody." Indiana Parenting Time Guidelines 1 (emphasis added).

consistent with the methodology described in the Commentary to Guideline 6.[3]

### II. Property Distribution

Amir next challenges the division of marital property. Specifically, he claims (1) the trial court made a mathematical error in Alison's favor, (2) Alison's pension was undervalued, (3) the marital residence was undervalued, and (4) the trial court erroneously failed to treat tuition payments as marital debt. We address each of these contentions in turn.

### A. Standard of Review

■ The division of marital assets lies within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Bertholet v. Bertholet,* 725 N.E.2d 487, 494 (Ind.Ct.App.2000). We will not reweigh the evidence or assess the credibility of witnesses, and consider only the evidence most favorable to the trial court's disposition of marital property. *Id.* The party challenging the trial court's property division must overcome a strong presumption that the trial court complied with the statutory guidelines. *Id.*

### B. Mathematical Error

Amir claims the following portion of the trial court's order on Motion to Correct Error reflects a mathematical error:

| [Alison's] Net worth: | $( 8,509.00) |
|---|---|
| Credits | $(12,859.96) |
| Total | $(21,369.92) |

(Appendix 16.) Amir claims that the "Credits" entry should have been a positive rather than negative number, resulting in a net estate total of $4,350.96. However, the challenged entry reflects payments on marital debt made by Alison during the marital separation, for which she was to be given credit in the final property distribution. Accordingly, the

designated "credit" did not increase her share of the marital estate, and was properly included as a negative number.

### C. Pension Valuation

■ Amir claims that Alison's pension should have been valued at $3,674.00 rather than $2,756.00. However, the record discloses that the parties stipulated to the valuation of the pension at 75% of the account balance of $3,674.00, to obviate the necessity of a qualified domestic relations order which would apportion the tax consequences. A party may not take advantage of an alleged error that he invites. *Stolberg v. Stolberg,* 538 N.E.2d 1, 5 (Ind.Ct.App.1989).

### D. Valuation of Marital Residence

At the final hearing, realtor Yvonne Christian ("Christian") testified that she was retained by Alison to appraise the marital residence. Christian's appraisal, using a market analysis approach, resulted in an appraised value of $89,500.00. Alison opined that the residence was worth $90,000.00, while Amir opined that it was worth $100,000.00 to $110,000.00. Amir proffered witness Jeffrey Uzell ("Uzell"); however, his testimony was excluded for Amir's failure to comply with a local discovery rule requiring disclosure of witness names and exhibits ten days prior to trial.

■ A trial court has broad discretion in ascertaining the value of property in a dissolution action, and has not abused its discretion if its decision is supported by sufficient evidence and reasonable inferences therefrom. *Reese v. Reese,* 671 N.E.2d 187, 191 (Ind.Ct.App.1996), *trans. denied.* Here, the trial court valued the marital residence at $90,000.00, which was

---

**3.** Alison and Amir agree that the proper deduction for medical insurance paid by Alison is $67.81 monthly rather than $67.81 weekly (as reflected in the trial court's calculation).

within the range of values supportable by the evidence. The trial court did not abuse its discretion in determining that Alison's valuation was more accurate than Amir's.

■ Moreover, a trial court has broad discretion in dealing with discovery violations and may be reversed only for an abuse of that discretion involving clear error and resulting prejudice. *Berry v. State*, 715 N.E.2d 864, 866 (Ind.1999). Amir made no offer of proof at the hearing; his attorney merely indicated that Uzell's opinion of value was somewhat less than Amir's. Accordingly, Amir has failed to establish that he was prejudiced by the exclusion of Uzell's testimony. We find no abuse of discretion.

### E. Tuition Payments

Finally, Amir claims that the trial court erroneously failed to recognize his payment of school tuition as the payment of marital debt. We disagree.

■ Generally, the marital pot closes on the date the dissolution petition is filed. *Fuehrer v. Fuehrer*, 651 N.E.2d 1171, 1173 (Ind.Ct.App.1995), *trans. denied.* Therefore, debts incurred by one party after the dissolution petition has been filed are not to be included in the marital pot. *Id.* Here, the record reflects that Amir desired that the children be withdrawn from public school and enrolled in a private school. Amir, in his individual capacity, executed a contract for tuition payments after the date of separation. The children did not attend the private school at any time and the trial court ordered that the children were to attend Elkhart Community Schools in the future. We find no abuse of discretion in the trial

court's refusal to include an individual contractual obligation, incurred after the date of marital separation, within the marital pot.

### III. Equalization Judgment

Alison requests that this Court order modification of the amount of the equalization judgment, by adding the sum of $548.43, to correct omissions in the mathematical calculations and recapitulation paragraph in the order entered on Alison's Motion to Correct Errors. Our review of the order leads to the conclusion that such a modification is appropriate.

The First Card debt, in the amount of $2,629.74, was listed in Paragraph 5 of the order modifying Paragraph 13 of the dissolution decree; however, it was not listed in Paragraph 4 modifying Paragraph 12 of the dissolution decree, nor was the sum of $2,629.74 actually included in Alison's debt total.[4] Moreover, while the trial court acknowledged, in Paragraph 3, that Alison had advanced $500.00 to Amir for rent and had paid $643.50 for his car insurance (as required by the provisional order), the trial court failed to include in its calculations the sum of $1143.50 as an asset advance to Amir. Finally, a mathematical error resulted in the over-inflation of Amir's net estate by $2,674.42. To correct these errors, we order modification of the equalization judgment amount to $13,073.49.

### Conclusion

We remand for recalculation of child support in light of the parties' joint physical custody award. We find no abuse of discretion in the trial court's valuation of marital assets. Finally, we order the modification of the equalization judgment to the amount of $13,073.49.

---

4. The debts listed in Paragraph 5 total $108,893.74, but the total column in the order lists $106,264.00 as the total.

Affirmed in part; reversed in part; and remanded with instructions.

KIRSCH, J., and BROOK, J., concur.