**John HENDRICKS, Appellant–Petitioner,**

v.

**Michelle HENDRICKS, Appellee–Respondent.**

No. 48A02–0208–CV–665.

Court of Appeals of Indiana.

March 17, 2003.

Louis W. Denney, Muncie, IN, Attorney for Appellant.

Christopher A. Cage, Hulse Lacey Hardacre Austin & Shine, Anderson, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

John Hendricks ("Husband") challenges the trial court's dissolution decree which ended his marriage to Michelle Hendricks

("Wife"). He raises the following issues for our review:

1. Whether the trial court abused its discretion when it divided the parties' marital assets.
2. Whether the trial court abused its discretion when it ordered Husband to pay Wife's attorney's fees.

We affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife were married in 1990 and separated in September 2000. Husband and Wife had lived together for approximately three years prior to their marriage. Husband was employed at General Motors Corporation ("GM") for approximately thirty-one years before he retired in January 1997. In its findings and conclusions, the trial court valued Husband's GM pension at $253,977. Neither party disputes that valuation.

■ The trial court used the "coverture fraction formula" to divide the pension between the parties. Under this methodology, the value of the retirement plan is multiplied by a fraction, the numerator of which is the period of time during which the marriage existed (while pension rights were accruing) and the denominator is the total period of time during which pension rights accrued. *In re Marriage of Preston*, 704 N.E.2d 1093, 1098 n. 6 (Ind.Ct. App.1999). The court found that Husband and Wife were married for 6.4 years during Husband's employment and that they had lived together as an unmarried couple for 3.33 years prior to that, for a total of 9.73 years. And Husband was employed

with GM for 31.07 years. Thus, the court found that the coverture ratio equals 31%.[1] In other words, the "marital portion" of Husband's pension is 31% of $253,977, or $78,732.87.

The trial court found that, based on the coverture ratio, Wife was entitled to 15.5% of Husband's total pension, or one-half of the marital portion of the pension. The court directed the parties to submit a qualified domestic relations order dividing the pension accordingly. In addition, the court found that Wife was entitled to survivor benefits under Husband's pension, which total $22,811. After itemizing the parties' assets and liabilities, the trial court awarded approximately 56% of the marital pot to Husband and 44% to Wife. Husband filed a motion to correct error, alleging in relevant part that the trial court had inaccurately calculated Wife's share of Husband's pension. The trial court denied that motion. Husband now appeals.

## DISCUSSION AND DECISION

### Issue One: Marital Assets

#### A. Premarital Cohabitation

■ Husband first contends that the trial court abused its discretion when it included the 3.33 years that he lived with Wife prior to their marriage in calculating the coverture ratio. Specifically, Husband maintains that he only lived with Wife "on and off" during that time period. Brief of Appellant at 15. Wife responds that they lived together for the "vast majority" of those 3.3 years, and points out that Husband admitted that they lived together "more on than off."[2] Brief of Appellee at 7.

---

1. 9.73 divided by 31.07 equals .3132.

2. Wife quotes a portion of Husband's testimony on cross-examination at page 222 of the

transcript, but that page does not contain the relevant testimony. Nor were we able to locate the testimony on any other page of the

The division of marital assets lies within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Sanjari v. Sanjari*, 755 N.E.2d 1186, 1191 (Ind.Ct.App.2001). When a party challenges the trial court's division of marital property, he must overcome a strong presumption that the court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal. *In re Marriage of Bartley*, 712 N.E.2d 537, 542 (Ind. Ct.App.1999). We may not reweigh the evidence or assess the credibility of witnesses, and we will consider only the evidence most favorable to the trial court's disposition of the marital property. *In re Marriage of Dall*, 681 N.E.2d 718, 720 (Ind.Ct.App.1997). Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *Bartley*, 712 N.E.2d at 542.

In *Chestnut v. Chestnut*, 499 N.E.2d 783 (Ind.Ct.App.1986), this court addressed the same issue presented here, namely, whether the trial court abused its discretion when it considered evidence of the wife's contributions during the parties' premarital cohabitation in dividing the marital pot. We noted that this court had previously held that "cohabitation can be a basis for distribution of assets under contractual and equitable principles." *Id.* at 786 (citing *Glasgo v. Glasgo*, 410 N.E.2d 1325 (Ind.Ct.App.1980), *trans. denied*). And we stated that "[i]t would be against public policy to ignore [wife's] contribution during the period prior to marriage since she and [husband] eventually married." *Id.* Thus, we held that the trial court properly considered the wife's contributions during the parties' cohabitation when it divided the marital pot.

But Husband contends that the holding in *Chestnut* is inapplicable here. He maintains that, unlike in *Chestnut*, he and Wife only lived together "on and off" during the period of cohabitation. But Husband does not state how much of that 3.3 years was "on" and how much was "off." Nor does he direct us to any part of the record that would provide that information. Wife testified that she and Husband began living together in July 1987, and the parties married in October 1990. Thus, Husband has not demonstrated that the trial court abused its discretion when it included the 3.3 years of premarital cohabitation in calculating the coverture ratio.

Husband also attempts to distinguish Wife's contributions from those made by the wife in *Chestnut*. Specifically, he states that in *Chestnut*, "there was considerable evidence as to the parties' employment, income and contribution to the relationship" during the period of cohabitation, but that here, "there was very little evidence ... as to how the parties shared income and expenses or how [Wife] contributed to the relationship." Reply Brief of Appellant at 3. But Wife points to evidence in the record that, during the parties' period of premarital cohabitation, she worked part-time, she paid the rent on their home, and she and Husband started a business together. Husband merely asks us to reweigh the evidence, a task not within our prerogative on appeal. We hold that the trial court did not abuse its discretion when it considered Wife's contributions during the parties' period of cohabitation in dividing the marital pot.

**B. Coverture Ratio**

Husband also contends that the trial court erred when it listed the parties' assets and liabilities. Specifically, Husband points out that the court's division of

transcript. As such, we cannot consider this evidence on appeal.

the marital portion of his GM pension in Conclusion No. 9 is inconsistent with the court's conclusion that Wife should receive 15.5% of the pension.[3] We must agree.

In Conclusions No. 5, 6, and 8, the trial court states that Wife is to receive 15.5% of Husband's GM pension, which the court values at $253,977. Thus, Wife should receive 15.5% of $253,977, which is $39,366.44. But in Conclusion No. 9, which is a list of the parties' assets and liabilities, the court awards Wife only $12,203.59 of Husband's pension. We conclude that the trial court made an error in its mathematical calculation of Wife's share of Husband's pension. Instead of awarding Wife 15.5% of the total pension, the court awarded Wife 15.5% of the *marital portion* of the pension ($78,732.87), an award which cannot be reconciled with the court's other findings and conclusions. We remand and instruct the trial court to award $39,366.44 of Husband's pension to Wife.

Also, in Conclusion No. 9, the trial court awarded $91,802.07, or 56%, of the marital pot to Husband and $70,779.46, or 44% to Wife. But when those numbers are adjusted to correct the $27,162.85 error in the division of the pension (the difference between $39,366.44 and $12,203.59), Husband would receive only $64,639.22 and Wife would receive $97,942.31 of the marital pot. Thus, the final property division reflects a far different result than the 56/44 split the court described in its decree. *See In re Marriage of Pulley,* 652 N.E.2d 528, 531 (Ind.Ct.App.1995) (noting erroneous exclusion of tax liability from marital pot led to different apportionment than attempted 60/40 split), *trans. denied.* Accordingly,

on remand, we instruct the trial court to recalculate the division of property.

### Issue Two: Attorney's Fees

Husband contends that the trial court abused its discretion when it ordered him to pay Wife's attorney's fees. Indiana Code Section 31-15-10-1 provides that a trial court may order a party to pay a reasonable amount for the cost to the other party of defending or maintaining any action in dissolution proceedings. When making such an award, the court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income and other factors that bear on the reasonableness of the award. *Hanson v. Spolnik,* 685 N.E.2d 71, 80 (Ind.Ct.App.1997), *trans. denied.* Also, misconduct that directly results in additional litigation expenses may be properly taken into account in the trial court's decision to award attorney's fees. *Id.* The trial court need not, however, give reasons for its determination. *Pulley,* 652 N.E.2d at 532. When reviewing an award of attorney's fees in connection with a dissolution decree, we only reverse the trial court for an abuse of discretion. *Id.*

Husband does not dispute that his annual income ($27,483) is higher than Wife's ($21,000), but he contends that the difference is minimal and does not warrant his having to pay $3,650 to Wife's attorney. In addition, as noted above, Wife actually received more of the marital pot than Husband did. But Husband ignores the trial court's finding that Husband "entered a plea of guilty to battery upon the respondent wife prior to the final hearing herein which incident occurred at the respondent's place of employment during the dis-

---

**3.** Husband's presentation of this issue on appeal is difficult to follow. We did the best we could to understand the point Husband is trying to make. We remind Husband that

Indiana Appellate Rule 46(A)(8)(a) requires cogent reasoning in support of each contention on appeal.

solution proceedings causing additional fees to be incurred by the respondent in the dissolution proceedings." Appellant's App. at 15. Because a party's misconduct that results in additional litigation expenses may be considered in awarding attorney's fees, and because Husband's income is more than Wife's, we hold that the trial court did not abuse its discretion when it ordered Husband to pay Wife's attorney's fees. *See Hanson,* 685 N.E.2d at 80.

Affirmed in part, reversed in part, and remanded with instructions.

DARDEN, J., and VAIDIK, J., concur.