Kenneth R. SHANNON, Appellant–
Respondent,

v.

Sandra J. SHANNON, Appellee–
Petitioner.

No. 84A01–0505–CV–233.

Court of Appeals of Indiana.

May 12, 2006.

Thomas J. Chowning, Chowning Law Office, Terre Haute, for Appellant.

B. Scott Skillman, B. Scott Skillman, P.C., Terre Haute, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Kenneth Shannon ("Husband") challenges the trial court's dissolution decree which ended his marriage to Sandra Shannon ("Wife"). He raises the following issues for our review:

1. Whether the trial court erred when it included Husband's worker's compensation lump sum award in the marital pot.

2. Whether the trial court abused its discretion when it divided the marital pot.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Husband and Wife were married sometime during the 1990s.[1] In October 2000, Husband sustained an injury at work. He began receiving Social Security disability benefits in April 2001, and he subsequently received a lump sum worker's compensation payment in the amount of $48,000.

In January 2003, Wife filed a petition for dissolution of marriage. Husband submitted a property division worksheet and proposed that Wife be awarded: mobile home worth $6000; car worth $5000; Wife's stock worth $10,500; Wife's 401(k) worth $13,000; and Wife's retirement fund worth $7500. And Husband proposed that he be awarded: car worth $1500; cemetery plots worth $4000; and Husband's worker's compensation award worth $48,000. Thus, Husband proposed that Wife receive $42,000 and that he receive $53,500 of the marital estate.

Following a hearing, the trial court entered the following order:

The witnesses are sworn and it became self-evident to the Court that [Husband] was quite elusive concerning property that he has acquired during the marriage, specifically, jewelry. In his answers to interrogatories, *[Husband] did admit, at the very least, that he owned two diamond rings, each of which were worth $5,000.* There is other jewelry that he testified [about] at the hearing, but his recollection as to the value and as to the amount of jewelry he possessed was less than forthcoming.

The parties did agree that [Husband] is disabled and that he receives $689 per month [in] disability payments. [Wife] testified and [Husband] did not dispute the fact that [Wife] paid the great majority of the bills while they were married. She has been employed at Old National Bank for the past 22 years, netting $630 every two weeks. [Wife] testified that she believes [Husband] has undisclosed assets and other personal property.

[Wife] shall be declared the owner of a 1984 Patriot Revere mobile home, a 1995 Buick Riviera, her Old National Bank stock and 401(k) funds and her Indiana State Bank retirement funds. [Husband] shall be declared the owner of a 1986 Oldsmobile Cutlass Ciera and the Roselawn cemetery plots. [Husband] shall also be declared the owner of all of the contents in the shed. He shall have 14 days from this date to remove said items. Should he fail to do so, they become the property of [Wife]. [Wife] shall be declared the owner of the wash-

---

1. The parties state that they were married "at least six years," but do not provide their date of marriage. Brief of Appellant at 1; Brief of Appellee at 1. Neither party has provided this court with a copy of the petition for dissolution of marriage, which would include their date of marriage.

er and dryer, as well as any other personal property in her possession. [Husband] shall be declared the owner of any and all personal property in his possession, including all of his jewelry.

[Wife] agrees to be responsible for the debt to Discover Card in the approximate [amount of] $3,500, all of which was incurred during the marriage.

[Husband] has been awarded through Workman's Compensation the amount of $48,000 which has been held in trust by his attorney. The Court is well aware of the fact that [Husband's] only source of income is his disability income. However, *in order to equally divide this estate, and based upon the testimony elicited at the hearing, the Court now awards [Wife] $10,000 from [Husband's] Workman's Compensation award.* Husband shall be declared the owner of the remaining balance. The transfer of the $10,000 shall be done within 14 days of this Order. It should be noted that the testimony revealed that the two diamond rings that [Husband] referred to in his answer to interrogatories were purchased during the marriage. It also should be noted that [Wife] testified that [Husband] purchased a great deal of personal property during their marriage, none of which she is certain as to its nature and whereabouts.

Appellant's App. at 9–10 (emphases added). In essence, the trial court adopted Husband's proposed property division, but ordered that Wife would pay $3500 in credit card debt and that Husband would pay Wife $10,000 to offset his $10,000 worth of jewelry. This appeal ensued.

### DISCUSSION AND DECISION

#### Standard of Review

■ The division of marital assets lies within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Sanjari v. Sanjari,* 755 N.E.2d 1186, 1191 (Ind.Ct.App.2001). We will not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the trial court's disposition of marital property. *Id.* The party challenging the trial court's property division must overcome a strong presumption that the trial court complied with the statutory guidelines. *Id.*

#### Issue One: Worker's Compensation Award

■ Husband contends that the trial court erred when it included his worker's compensation award in the marital pot and awarded Wife $10,000 out of that award. He is correct that worker's compensation benefits are generally not a vested property interest subject to distribution as a present marital asset, but represent future income. *See Leisure v. Leisure,* 605 N.E.2d 755, 759 (Ind.1993). And a trial court may not divide the future earnings of a party in anticipation that they will be earned. *Id.* But worker's compensation benefits received during the marriage to replace earnings of that period *are* a marital asset subject to distribution. *Id.* Only to the extent that worker's compensation benefits replace earnings *after* the date that the dissolution petition is filed do the benefits remain separate property. *Id.*

■ Here, Husband was injured in October 2000, and Wife filed the dissolution petition in January 2003. Thus, Husband's lump-sum award covered part of his lost income during more than two years of the parties' marriage, as well as his future income. Husband did not present any evidence regarding how much of the $48,000 award was to cover his lost income after his injury but before the dissolution decree was filed. That portion of the award, whatever the amount, is marital property subject to division. *See Leisure,* 605

N.E.2d at 759. Because Husband did not present any evidence regarding what portion of the award was not marital property, he cannot overcome the strong presumption that the trial court's disposition of marital property is correct. Moreover, if there were any error, Husband invited that error in that he included his total worker's compensation award in the list of marital property included in his proposed property division worksheet. *See Sanjari*, 755 N.E.2d at 1191 (holding a party may not take advantage of an alleged error that he invites).

### Issue Two: Equal Division of Marital Estate

Husband next contends that the trial court tried but failed to divide the marital pot equally. An equal division of marital property between the parties is presumed to be just and reasonable. Ind.Code § 31–15–7–5. However, this presumption may be rebutted by a party who presents relevant evidence that an equal division would not be just and reasonable. *Id.*

Here, the trial court attempted to "equally divide" the parties' marital estate in accordance with the statute. Appellant's App. at 10. Husband asserts that despite the trial court's stated intent, it actually awarded Wife more than fifty percent of the marital pot without justification. But that contention rests upon Husband's assertion that the trial court erred when it included his worker's compensation award in the marital pot. Because we hold that Husband has not shown any such error, Husband's contention on this issue is without merit.

Regardless, our calculation of the division of assets, based upon the trial court's order, is as follows:

Wife:

Mobile home ($6000)
Buick Riviera ($5000)
Old National Stock ($10,500)
Old National 401(k) ($13,000)
ISB Retirement ($7500)
Set-off from Husband ($10,000)

Pay to Discover Card (-$3500)

NET TOTAL:

$48,500

Husband:

Cutlass Ciera ($1500)
Cemetery plots ($4000)
Comp. Award ($48,000)
Diamond Rings ($10,000)

Pay to Wife (-$10,000)

$53,500

Thus, the trial court actually awarded Husband more than fifty percent of the marital pot. Husband has not been harmed, and he has shown no grounds for appeal on this issue.

In addition, we will affirm the trial court's award if it comes close to the attempted apportionment. *See In re Marriage of Pulley*, 652 N.E.2d 528, 531 (Ind. Ct.App.1995), *trans. denied*. We hold that the trial court's property distribution in this case is sufficiently close to the attempted fifty-fifty split.[2] Husband has not shown that the trial court abused its discretion when it divided the marital estate.

Affirmed.

SHARPNACK, J., and ROBB, J., concur.

---

**2.** The trial court awarded Husband approximately fifty-two percent of the marital pot.