**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**J. DAVID ROELLGEN**
Kolb Roellgen & Kirchoff LLP
Vincennes, Indiana

ATTORNEY FOR APPELLEE:

**NOAH L. GAMBILL**
Wagner, Crawford and Gambill
Terre Haute, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE MARRIAGE OF LAURA R. CHICKADAUNCE and MARK A. CHICKADAUNCE, | ) ) ) ) |
| LAURA R. CHICKADAUNCE,     Appellant-Petitioner, | ) ) ) |
| vs. | )     No. 77A01-1206-DR-287 ) |
| MARK A. CHICKADAUNCE,     Appellee-Respondent. | ) ) ) |

APPEAL FROM THE SULLIVAN SUPERIOR COURT
The Honorable Robert E. Springer, Judge
Cause No. 77D01-1111-DR-368

**April 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Laura Chickadaunce ("Wife") appeals the order dissolving her marriage to Mark Chickadaunce ("Husband"). She argues on appeal the trial court should not have granted joint legal and physical custody of the children, should have awarded Wife child support, and should not have awarded certain assets to Husband. We affirm.

**FACTS AND PROCEDURAL HISTORY**

The facts favorable to the judgment are that Husband and Wife married in 2001 and Wife filed for divorce ten years later. They have two children. Wife has a bachelor's degree in health services and an associate's degree in occupational therapy. Husband has an industrial technology degree and is a union electrician. In 2010, Husband and Wife agreed Wife would reduce her hours at work in order to save on day care expenses. On average between 2005 and 2010, Wife earned more than Husband, but both earned about $35.00 per hour.

Husband is very much involved in the children's lives. He gets them ready for school, prepares meals, coaches their sports teams, and takes them fishing and to church. He has a home prepared for him to live in with the children. He has no criminal record and requested joint physical custody of the children.

In its findings of fact and conclusions of law, the trial court granted joint physical custody of the children. The court did not order either party to pay child support, and it imputed income to Wife based on the parties' "income history" and their agreement during the marriage Wife would work only part time to save on day care expenses. (App. at 9.) The court divided the marital property almost equally; Wife received assets valued at $89,982.95

2

and Husband received assets valued at $86,563.80.

## DISCUSSION AND DECISION

The trial court entered findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52(A). In such a case, we cannot set aside the findings or judgment unless clearly erroneous, and we give due regard to the opportunity of the trial court to judge the credibility of the witnesses. *Morfin v. Estate of Martinez*, 831 N.E.2d 791, 801 (Ind. Ct. App. 2005). First, we decide whether the evidence supports the findings. *Id.* Second, we determine whether the findings support the judgment, construing the findings liberally in support of the judgment. *Id.* A judgment is clearly erroneous if it is unsupported by the findings of fact and conclusions thereon. *Id.* We do not reweigh the evidence or judge the credibility of the witnesses and consider only the evidence supporting the judgment and the reasonable inferences drawn therefrom. *Id.*

Appellate courts give considerable deference to the findings of the trial court in family law matters. *MacLafferty v. MacLafferty*, 829 N.E.2d 938, 940-41 (Ind. 2005). We recognize the trial judge "is in the best position to judge the facts, to get a feel for the family dynamics, to get a sense of the parents and their relationship with their children -- the kind of qualities that appellate courts would be in a difficult position to assess." *Id.* Decisions that change the results below are especially disruptive in the family law setting. *Id.*

1.      Child Custody

The trial court ordered each party would have equal time with the children.[1]  Wife

concedes "joint legal custody was never seriously disputed" below, but she asserts

> physical custody with equal parenting time is impractical and is clearly
> erroneous due to the distance between the homes of the parents, the history of
> parenting time between Mark and Laura, the educational and physical needs of
> the children, including residence, scheduling, routine and retaining as much
> normalcy as possible under the circumstances of the divorce.

(Br. of Appellant at 6.)

In an initial custody determination, both parents are presumed equally entitled to

custody.[2]  *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002).  In deciding child custody, a court

should

> enter a custody order in accordance with the best interests of the child.  In
> determining the best interests of the child, there is no presumption favoring
> either parent.  The court shall consider all relevant factors, including the
> following:
> (1) The age and sex of the child.
> (2) The wishes of the child's parent or parents.
> (3) The wishes of the child, with more consideration given to the child's
> wishes if the child is at least fourteen (14) years of age.
> (4) The interaction and interrelationship of the child with:
>> (A) the child's parent or parents;
>> (B) the child's sibling; and
>> (C) any other person who may significantly affect the child's best
>> interests.
> (5) The child's adjustment to the child's:
>> (A) home;

---

[1]  Wife argues the trial court was required to explain its "deviation" from the Parenting Time Guidelines. (Reply Br. of Appellant at 3.)  But the Guidelines apply to child custody situations involving joint legal custody *where one person has primary physical custody*.  Ind. Parenting Time Guidelines G1.  In this case it is not apparent that either party has "primary physical custody."

[2]  Wife does not acknowledge this presumption or offer specific argument why it is overcome.

4

> (B) school; and
> (C) community.
> (6) The mental and physical health of all individuals involved.
> (7) Evidence of a pattern of domestic or family violence by either parent.
> (8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

Ind. Code § 31-17-2-8.

The trial court heard ample evidence to support its determination joint physical custody with equal parenting time was in the children's best interests. There was evidence Husband lives just twenty minutes away from the children's school; was "highly interactive" with the children, (Tr. at 77); he coached both of them in soccer and softball; he had a home prepared for the children; the children have said they want to spend more time with Husband; his work schedule allows him to take the children to school, and he has been involved with schooling and helping the children with homework; and he and Wife are both "great parent[s]." (*Id*. at 78.)

We acknowledge Wife's evidence to the contrary, but we may not reweigh the evidence that was before the trial court. *See, e.g., Kondamuri v. Kondamuri*, 852 N.E.2d 939, 945 (Ind. Ct. App. 2006) (to determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and will not reweigh the evidence or assess witness credibility). Therefore, we affirm the court's decision to grant equal parenting time.

2.    Child Support

The Child Support Guidelines do not directly address the calculation of child support

5

in circumstances where the parents have been awarded joint physical custody of their children. *Sanjari v. Sanjari*, 755 N.E.2d 1186, 1190-91 (Ind. Ct. App. 2001). There, we found instructive the Commentary to Guideline 6 concerning split custody:

> In those situations where each parent has physical custody of one or more children (split custody), it is suggested that support be computed in the following manner:
> 1. Compute the support a father would pay to a mother for the children in her custody as if they were the only children of the marriage.
> 2. Compute the support a mother would pay to a father for the children in his custody as if they were the only children of the marriage.
> 3. Subtract the lesser from the greater support amount.
> 4. The parent who owes the greater amount of support pays the difference computed in step 3, above.

*Id.* (quoting Child Supp. G6 cmt).

But we did not "suggest that all other support calculation methods are foreclosed in joint physical custody situations." *Sanjari*, 755 N.E.2d at 1190. As the Commentary to Guideline 6 states, "infinite possibilities exist in terms of time spent with each parent, travel between parents and other considerations." *Id.* Such determinations are left to the sound discretion of the trial courts for handling on a case-by-case basis. *In re Marriage of Turner*, 785 N.E.2d 259, 264 (Ind. Ct. App. 2003).

In *Sanjari*, the parents spent equal time with their children and lived in the same geographical area. There was no testimony that either parent incurred extraordinary medical expenses or extraordinary expenditures on behalf of the children. We remanded for a calculation of child support obligations of both parents consistent with the methodology described in the Commentary to Guideline 6. 755 N.E.2d at 1190-91.

6

Wife appears to argue the trial court's order was an abuse of discretion because it should not have imputed income to her, and its imputation of income had the effect of depriving the children of the standard of living they would have enjoyed had the marriage not been dissolved. *See Payton v. Payton*, 847 N.E.2d 251, 253 (Ind. Ct. App. 2006) (child support awards under the Guidelines are designed to provide the children as closely as possible with the same standard of living they would have enjoyed had the marriage not been dissolved.)

Trial courts may impute income to a parent for purposes of calculating child support after determining that parent is voluntarily unemployed or underemployed. *Sandlin v. Sandlin*, 972 N.E.2d 371, 375 (Ind. Ct. App. 2012). To determine whether potential income should be imputed, the trial court should review work history, occupational qualifications, prevailing job opportunities, and earning levels in the community. *Id.* When a parent has some history of working and is capable of entering the work force, but voluntarily fails or refuses to be employed in a capacity in keeping with his or her capabilities, such a parent's potential income should be determined to be a part of the gross income of that parent. Child Supp. G. 3, cmt. 2(c)(2). The amount to be attributed as potential income in such a case would be the amount the evidence demonstrates he or she was capable of earning in the past. *Id.*

There was evidence before the trial court that the parties agreed during the marriage Wife would work fewer hours to reduce day care expenses, and in the years before the parties made that agreement, Wife earned more than Husband. Wife has a bachelor's degree in

health services and an associate's degree in occupational therapy. We cannot say the imputation of income to Wife was an abuse of discretion.

### 3. Division of Property[3]

The division of marital assets lies within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Sanjari,* 755 N.E.2d at 1191. When a party challenges the division of marital property, she must overcome a strong presumption that the court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal. *Woods v. Woods*, 788 N.E.2d 897, 900 (Ind. Ct. App. 2003). We may not reweigh the evidence or assess the credibility of witnesses, and we will consider only the evidence most favorable to the trial court's disposition of the marital property. *Id.* Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *Id.*

Ind. Code § 31-15-7-5 provides an equal division of the marital property between the parties is presumed "just and reasonable." The trial court's "Marital Estate Summary," (App. at 13-15), itemizes the parties' assets in detail. It awards Wife slightly more than Husband -- $89,982.95 for Wife and $86,563.80 for Husband.

Wife does not argue that summary was incorrect. She appears to argue the property division was an abuse of discretion because it awarded a disproportionate amount of the

---

[3] Wife's Statement of Facts includes no information about what the property division was. It says Wife "requested," (Br. of Appellant at 3), some attorney fees and cash equalization payments, but it does not indicate whether or how the trial court addressed those requests.

8

"liquid assets," (Br. of Appellant at 4), to Husband, leaving Wife "property rich and cash poor." (*Id*. at 5.)  This, she asserts without explanation or citation to authority, demonstrated the court did not consider her economic circumstances as required by Ind. Code § 31-15-7-5, which provides the court is to presume that an equal division of the marital property between the parties is just and reasonable, but the presumption may be rebutted by evidence of "[t]he economic circumstances of each spouse at the time the disposition of the property is to become effective."

As Wife offers no explanation or legal authority to support her apparent premise that a roughly-equal property division might be an abuse of discretion based solely on the nature of the property awarded rather than its value, we are unable to address that allegation of error. Ind. Appellate Rule 46(A)(8)(a) states that the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.  Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on."  We will not consider an appellant's assertion on appeal when she has not presented cogent argument supported by authority and references to the record as required by our rules.  *Thacker v. Wentzel,* 797 N.E.2d 342, 345 (Ind. Ct. App. 2003).  If we were to address such arguments, we would abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties.  *See id.* We decline to do so.

Wife has not demonstrated the trial court abused its discretion in ordering joint physical custody, in dividing the marital property roughly equally, or in declining to award

9

child support.  We accordingly affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.