Krstin NICEVSKI, Appellant–
Respondent,

v.

Greta NICEVSKI, Appellee–Petitioner.

No. 02A04–0904–CV–188.

Court of Appeals of Indiana.

July 8, 2009.

Transfer Denied Oct. 1, 2009.

Richard L. Williams, Fort Wayne, IN, Attorney for Appellant.

Konrad M.L. Urberg, Urberg Law Office, LLC, Fort Wayne, IN, Attorney for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-respondent Krstin Nicevski appeals from the decree of dissolution of his marriage to appellee-petitioner Greta Nicevski. Krstin argues that the trial court erred by including the value of a residence titled in his parents' name in the marital estate and directing him, among other things, to pay Greta $40,000, or half of the value of the residence. Finding that the trial court was without authority to include the residence in the marital estate because Krstin's parents were not joined as necessary nonparties pursuant to Indiana Trial Rule 7(B), we reverse and remand with instructions to revise the decree of dissolution consistently with this opinion.

## FACTS

Krstin and Greta were married on September 3, 1997, and three children were born of the marriage. On May 6, 1999, Krstin's parents entered into a contract for the construction of a home in Allen County and acquired the title to the lot. Krstin's parents signed the settlement statement, procured title insurance in their own names, and paid the settlement charges from their own bank account. They also made payments on the construction contract in June and September 1999. The real estate taxes and drain assessments were in the parents' names and they paid all taxes and assessments from 2001 through 2006. After construction on the residence was finished, Krstin and Greta lived in the house and made rent payments to his parents.

On June 26, 2006, Greta filed a petition to dissolve the marriage. At the July 1, 2008, bench trial on the petition, there was summary testimony given and affirmed under oath by the parties. Greta testified that she believed Krstin and his parents had titled the residence in his parents' names solely to deprive her of half of the property's value in the event of a divorce. She testified that $50,000 of the house's value was paid for by Krstin's parents as a gift and that the remaining $80,000 was paid for out of Krstin and Greta's savings. Greta did not, however, offer any evidence or bank statements to support her testimo-

ny. Greta testified that she and Krstin did not make regular rent payments to his parents. She also testified that she was not at all involved in the couple's finances because they are from Macedonia and that in the Macedonian culture, the wife is frequently uninvolved in the financial aspects of the household. Krstin disputed Greta's version of events, testifying that his parents had purchased the residence with their own money and all transactions involving the real property occurred in his parents' names. He also presented rent receipts establishing that he and Greta had made several rent payments during the time they lived in the residence. Krstin's parents were not joined as nonparties and did not testify at trial.

On July 3, 2008, the trial court entered the decree of dissolution of the marriage. In relevant part, the trial court found and concluded as follows:

8.1 The parties have a substantial equitable interest in [the residence], which the Court finds to have a value of $130,000.00.

8.2 This real estate was placed in nominal ownership of [Krstin's] parents in an attempt to deprive [Greta] of any benefits of ownership in it. The Court finds this to be a fraud.

8.3 The parties have equity of $80,000.00 in [ ] the above referenced ... residence, and owe $50,000.00 on the residence to [Krstin's] parents.

8.4 This real estate shall now be the sole and separate property of [Krstin], to [the] extent it is marital property.

\* \* \*

10.1 [Krstin] shall pay to [Greta], the sum or $40,000.00 by way of property equalization judgment between the parties. Judgment in favor of [Greta] and against [Krstin] in this amount is now entered.

Appellant's App. p. xxii. Krstin filed a motion to correct error, which the trial court denied. Krstin now appeals.

### DISCUSSION AND DECISION

The disposition of marital assets is within the trial court's sound discretion, and we review the trial court's division of assets for an abuse of that discretion. *Bizik v. Bizik,* 753 N.E.2d 762, 766 (Ind.Ct.App. 2001). In conducting our review, we will consider only the evidence most favorable to the trial court's disposition of the property and will neither reweigh the evidence nor assess witness credibility. *Id.* The party challenging the trial court's division must overcome a strong presumption that the trial court considered and complied with the applicable statute. *In re Marriage of Bartley,* 712 N.E.2d 537, 542 (Ind. Ct.App.1999).

Krstin argues that the trial court erred by including the residence in the marital estate and ordering him to make a payment of $40,000—representing one-half of Krstin and Greta's alleged equity in the home—to Greta. We find this court's opinion in *In re Marriage of Dall* to be instructive. 681 N.E.2d 718 (Ind.Ct.App. 1997). In *Dall,* the Dalls decided to build a home, and the wife's father purchased the lot for $17,250. The father, husband, and wife all helped to construct the home. Father paid all of the contractors and subcontractors and for the building materials. In all, Father and Mother spent approximately $93,000 to construct the home and also provided 90 percent of the lumber used from trees that were grown on their farm. Father and Mother owned the title to the property. When the lot was first acquired, everyone agreed that title would be conveyed to Husband and Wife at some point in the future, but Mother refused to convey title during construction and the

parties were unable to agree after that time. Husband and Wife decided to divorce. Following the dissolution hearing, the trial court valued the home at $150,000 and awarded it to Wife.

On appeal, Wife argued that the trial court erred by including the residence in the marital estate. This court agreed, holding that "an equitable interest in real property titled in a third-party, although claimed by one or both of the divorcing parties, should not be included in the marital estate." *Id.* at 722. More specifically, "we hold that the trial court improperly included the Dalls' residence in the marital estate. Neither Husband nor Wife holds a vested interest in the marital·residence, and their purported equitable interest in the property is indeterminate." *Id.; see also Vadas v. Vadas,* 762 N.E.2d 1234, 1235–36 (Ind.2002) (concluding that "[t]he holding of *Dall* promotes predictability, consistency and efficiency by excluding 'remote and speculative' interests from the marital estate").

The *Dall* court went on to emphasize the particular problem caused by the fact that the Mother and Father were not joined as nonparties:

... the dissolution court cannot delegate or leave to a nonparty the power to decide whether the parties to the marriage have a present vested interest in the real estate and the extent of that interest, if any.

It is axiomatic that a divorce decree does not affect the rights of nonparties. A party to a divorce who claims that the marital estate includes an equitable interest in real property titled in a nonparty should move to join the nonparty and to have the issue determined within the divorce proceedings. *Unless the nonparty is joined, the dissolution court is powerless to adjudicate with certainty the extent of the marital property interest in the real estate, and any such determination is illusory.* The failure to join a nonparty in whose absence complete relief cannot be accorded the parties to the marriage also runs counter to the statutory mandate that the dissolution court "shall divide" the marital property. Still, while joinder may be necessary to adjudicate the rights of the parties, joinder alone will not convert the property interest claimed into a present vested interest or bring it into the marital estate.

The dissent contends that the parties have waived any error arising from their failure to join Wife's parents as necessary parties. However, reliance on the waiver doctrine does not resolve this case. *Just as joinder alone does not convert the property interest claimed into a present vested interest or bring it into the marital estate, neither does the mere failure to join Wife's parents enable the court to issue an enforceable order dividing the real estate.* We should not sanction a trial court order that purports to divide property in which the parties do not hold a present vested interest and that is unenforceable against interested nonparties.

*Dall,* 681 N.E.2d at 723 (emphases added) (internal citations omitted).

Here, as in *Dall,* the title to the residence was owned by nonparties—Krstin's parents. And Krstin's parents were not joined as necessary nonparties pursuant to Trial Rule 12(B)(7)—indeed, they did not even testify at trial. Though Greta argues that Krstin has waived any argument because he did not object to her failure to join his parents at trial or seek to join

them himself, we agree with the *Dall* court that reliance on the waiver doctrine does not resolve this case.[1] Without the title-holders' presence at trial, the trial court was without authority to adjudicate the issue of the ownership of that property. We fully acknowledge that the trial court assessed witness credibility and chose to credit Greta's testimony over Krstin's, and we do not second-guess that decision. Unfortunately, pursuant to *Dall*, the trial court simply did not have the power to include the residence in the marital estate. Therefore, we find that the trial court erred by including the residence in the marital estate and directing Krstin to make a payment of $40,000 to Greta.

The judgment of the trial court is reversed and remanded with instructions to revise the decree of dissolution consistently with this opinion.

MAY, J., and BARNES, J., concur.

---

1. To the extent that Greta implies that because Krstin included a valuation of the residence at trial he has waived this issue, we first point out that he has consistently argued that his parents are the titleholders and the residence should not be included in the marital estate. It is apparent from a review of the record that he merely included his valuation of the residence as an alternative position. Moreover, we observe that this argument was advanced by the dissent in *Dall*; over time, however, courts applying and interpreting *Dall* have favored the majority's position rather than the dissents. *Dall*, 681 N.E.2d at 724 (Robertson, J., dissenting); *Vadas*, 762 N.E.2d at 1235–36 (describing the majority *Dall* holding favorably). Therefore, we do not believe that the fact that Krstin included a valuation of the residence precludes his argument on appeal that the residence should not have been included in the marital estate.